Argued December 18, reversed January 20, 1948

## BEAN *v.* HOSTETTLER

188 P. (2d) 636

*Clifford S. Beckett,* of Oregon City (with Butler & Jack, of Oregon City, on brief), for appellant.

*Ben Anderson,* of Portland (Lord, Anderson & Franklin, of Portland, on brief), for respondent.

Before ROSSMAN, Chief Justice, and LUSK, KELLY, BAILEY, HAY and WINSLOW, Justices.

LUSK, J.

The sole question on this appeal relates to the power of the Circuit Court to set aside the verdict of a jury and grant a new trial.

The case was an action to recover damages for personal injuries suffered by Dixie Ann Bean, a minor, when she was struck by an automobile driven by the defendant. The jury, after a fair and impartial trial, returned a verdict for the defendant. The court set aside the verdict and ordered a new trial. The evidence bearing upon the questions of negligence, contributory negligence and proximate cause is conflicting, and the jury, if it believed the defendant's testimony, was warranted in finding in his favor. No ruling of the court during the trial is called in question here. No exceptions to the court's instructions were taken by the plaintiff, and there is no claim in this court that any instruction was incorrect, improper, inapplicable to the evidence, or in the slightest degree unfair to the plaintiff. It is not asserted that anything occurred on the trial which prevented or tended to prevent a fair trial. It is not argued in the plaintiff's brief that the facts are free from dispute or that the evidence is such that a verdict for the plaintiff was compelled as a matter of law. On the oral argument, in response to questions from the bench, counsel for the plaintiff did contend that such was the state of the record. But we have examined the testimony and find there is no basis for such a contention. The verdict is supported by competent, substantial evidence, and the only proposition of law set forth by counsel for the plaintiff in their brief is the following: "The court has inherent power to set aside a verdict and grant a new trial in the interests of substantial justice."

The motion for a new trial was based upon the following grounds:

"(1) There was no substantial evidence, or any evidence adduced on the trial of the cause that defendant was not guilty of negligence proximately causing the injuires sustained by plaintiffs;

"(2) The Court should have instructed the jury more fully in respect to contributory negligence as applies to children of tender years;

"(3) Insufficiency of evidence to justify the verdict;

"(4) Irregularity in impaneling of the jury wherein it appeared that practically all of the jurors had a personal acquaintance and friendship with defendant's attorney, and that the relationship of attorney and client existed between him and two of the jurors impaneled."

The court did not base its ruling upon any of the grounds specified (and could not properly have done so), but, in the order granting a new trial, recited as the grounds of its order the following:

"* * * the court finds that there has been a miscarriage of justice by denying plaintiff a recovery, and in the interests of substantial justice and the inherent right of the court to see that justice is administered in causes before it, the court hereby sets aside the verdict and judgment in this cause and grants the plaintiff a new trial."

■ The new trial, therefore, was granted by the court on its own motion, *De Vall v. De Vall,* 60 Or. 493, 118 P. 843, 120 P. 13, 40 L. R. A. (N. S.) 291, Ann. Cas. 1914A 409. Such an order may "be affirmed only on grounds set forth in the order or because of reversible error affirmatively appearing in the record." § 5-806, O. C. L. A. There being no such reversible error and no claim of any, the question is whether an Oregon trial court is empowered to set aside a verdict

and grant a new trial because the court is of the opinion "that there has been a miscarriage of justice" and that "the interests of substantial justice" require such a course. Otherwise stated, the question is whether the court may set aside a verdict, because, in the court's opinion, it is manifestly wrong, notwithstanding there is substantial evidence in the record to support it.

■ The asserted power is one which was formerly exercised in this state. *Multnomah County v. Willamette Towing Co.,* 49 Or. 204, 213, 89 P. 389; *Serles v. Serles,* 35 Or. 289, 57 P. 634. And see *Mitchell v. Southern Pacific Co.,* 105 Or. 310, 317, 209 P. 718. But it is a power which was withdrawn from the trial judges in 1910 by the adoption of the amendment of Art. VII, § 3, of the Constitution with its provision that "no fact tried by a jury shall be otherwise re-examined in any court of this State, unless the court can affirmatively say there is no evidence to support the verdict." To grant a new trial because the verdict is opposed to the weight of the evidence involves the re-examination of a fact determined by the jury, and is to do that which the Constitution prohibits. This is the effect of the amendment as settled by the uniform course of decision in this court. *Lyons v. Browning,* 170 Or. 350, 353, 133 P. (2d) 599; *Arthur v. Parish,* 150 Or. 582, 588, 47 P. (2d) 682; *Cicrich v. State Industrial Accident Com.,* 143 Or. 627, 636, 23 P. (2d) 534; *Timmins v. Hale,* 122 Or. 24, 30, 256 P. 770; *Sather v. Giaconi,* 110 Or. 433, 441, 220 P. 740; *Spokane County v. Pacific Bridge Co.,* 106 Or. 550, 553, 213 P. 151; *Mitchell v. Southern Pacific Co.,* supra; *Bottig v. Polsky,* 101 Or. 530, 539, 201 P. 188; *Masters v. Walker,* 99 Or. 299, 307, 195 P. 381; *Archambeau v. Edmunson,* 87 Or. 476, 486, 171 P. 186.

In *Archambeau v. Edmunson,* supra, the court said in referring to Art. VII, § 3:

"Since that amendment became operative it has been held that the granting of a new trial was not a matter of discretion; that an order for the rehearing of a cause could not be sanctioned except when the court had committed some error, which if properly excepted to or seasonably called to the attention of the court and the motion denied, would have been sufficient cause for a reversal of the judgment if it had been brought up for review; and that under such circumstances the trial court upon motion or *sua sponte* possessed adequate power and was authorized within the prescribed time, to correct the error which it had committed by granting a new trial (citing cases).

"The rule thus established ought in our opinion to be enlarged so that, when by reason of some misapplication of the principles of law to which no exception has been taken, or in consequence of some inadvertence to which attention has not been called, if the court is satisfied that a party has not had his cause properly presented, justice which should be dispensed in all cases sanctions the setting aside of a judgment rendered upon a verdict and the granting of a new trial, when such action of the lower court does not violate Article VII, Section 3, of the Constitution of Oregon respecting the *quantum* of evidence."

This doctrine has been reiterated in subsequent decisions, and has never, to our knowledge, been departed from. See the previously cited cases of *Cicrich v. State Industrial Accident Com.; Timmins v. Hale; American National Bank v. Kerley; Spokane County v. Pacific Bridge Co.; Bottig v. Polsky.*

■ It is true that in some of the cases the court speaks of the inherent power of the trial judge, in the interest of justice, to grant a new trial. See, e. g., *King*

*v. Ditto,* 142 Or. 207, 210, 19 P. (2d) 1100. But justice, the attainment of which is the ultimate reason for the existence of courts, must be sought pursuant to the forms of law and within the limitations of valid constitutional and statutory provisions placed around the acts and decisions of the judiciary; and it is the theory of our system, written into the Constitution by the people, that in jury trials justice will best be administered by leaving undisturbed the decision of the jury on a question of fact unless, because of some error, inadvertence, or irregularity in the proceedings, a litigant has been deprived of his right to a fair trial. As Mr. Justice RAND said in *Timmins v. Hale,* supra, "no man is entitled to more than one fair trial". It may be that the discretion formerly vested in the trial judge to set aside a verdict because it was against the weight of the evidence, gave better assurance that justice would be accomplished than the restrictive rule of the existing Constitution. That, however, is a question of legislative policy with which the courts can have no concern where the sovereign power has otherwise ordained. The case in hand comes simply to this: That the mistake, if one was made, was made by the jury, not by the judge, and the judge was powerless to correct it.

The order appealed from must therefore be reversed and the cause remanded to the court below for reinstatement of the judgment entered upon the verdict.

WINSLOW, former justice pro tem., did not participate.