Argued October 18, reversed with directions October 24, 1951

## ROSENCRANS ET UX. *v.* BENNETT ET UX.
### 236 P. 2d 798

Ramstead & Huey, of Eugene, filed a brief for appellants.

*Day T. Bayly,* of Eugene, argued the cause and filed a brief for respondents.

Before BRAND, Chief Justice, and HAY, LUSK, LATOURETTE and TOOZE, Justices.

LATOURETTE, J.

On April 18, 1950, after a jury trial, a judgment based on the verdict was entered of record in favor of plaintiffs against defendant, Fay M. Bennett, in the sum of $500. Thereafter, on April 24, 1950, said defendant moved to set aside the judgment and for a judgment notwithstanding the verdict or, in the alternative, for a new trial, said motion being as follows:

"COMES NOW, the defendant, Fay M. Bennett, doing business under the name and style of Eugene Community Builders, by his attorney, D. T. Bayly, and moves the court as follows:

"I.

"For an order setting aside the judgment dated April 18, 1950, in the above entitled case, and rendering a judgment for said defendant notwithstanding the verdict in said case dated April 18, 1950, on the ground and for the reason that the motion made by the defendant at the close of plaintiffs affirmative evidence constituted a motion for a directed verdict and a directed verdict should have been granted, but was refused by the court.

"In making the foregoing motion the defendant relies on Section 6-707 O.C.L.A. Am. 1945, Ch. 149.

"II.

"And the defendant, Fay M. Bennett, by his attorney, D. T. Bayly, further moves that if the court decides not to grant the foregoing motion not-withstanding the verdict, said court make an

order setting aside said judgment and granting a new trial on the following grounds.

"1. There was no evidence submitted at the trial to support the verdict rendered by the jury for the plaintiffs against the defendant, Fay M. Bennett.

"2. Said verdict of the jury dated April 18, 1950, is contrary to the instructions given by the court to the jury, to the effect that if the plaintiffs knew the title to the involved neon sign was held by Martin Brothers Neon Sign Company at the time of the signing by the plaintiffs of the final contract, their verdict should be for the defendant.

"3. The court made an error in law at the trial, which was excepted to by the defendant on the following occasions.

"a. At the close of the presentation of the affirmative evidence for the plaintiffs, the defendant moved for a non-suit as to defendant, Fay M. Bennett, on the ground and for the reason that both of the plaintiffs had, on the witness stand, admitted that they knew at the time of signing the final contract that the sellers, L. S. Rankin did not own the neon sign involved in this case, and the court erred in overruling said defendant's motion for a non-suit, and defendant's attorney duly excepted to said ruling of the court.

"b. In instructing the jury the court erred in not giving instruction IV requested by the defendant, which was as follows:

" 'I further instruct you that the earnest money receipt designated plaintiffs exhibit A, is a temporary agreement pending proof of title by the seller and that any knowledge gained by the purchaser before signing the contract superseding the earnest money receipt would nullify any claim for damage, because of representations as to title before the earnest money receipt was signed.'

"And the defendant's attorney pointed out to the court the failure to give the above instructions.

The failure to give said instructions was prejudicial to the defendant.

"In making this motion for a new trial the defendant relies on Section 5-802 '6' and '7' O.C. L.A."

On June 2, 1950, the court entered the following order:

"It appearing to the Court that on the 18th day of April, 1950, the jury returned into court a verdict in favor of the plaintiffs and against the defendant Fay M. Bennett, for the sum of $500.00, the plaintiffs appearing by their attorney, Gordon A. Ramstead, and the defendants appearing by their attorney, D. T. Bayly, and on said date judgment was rendered based on the said verdict.

"Thereafter the said defendant Fay M. Bennett filed a motion for judgment notwithstanding the verdict and in the event that the motion for a judgment notwithstanding the verdict was overruled, then for a new trial, and it appearing to the Court that this cause was tried on the theory of false and fraudulent misrepresentations, and

"It appearing to the Court that plaintiffs' complaint does not state facts sufficient to constitute a cause of action based upon fraud, and for that reason the verdict of the jury and the judgment thereon should be set aside,

"IT IS THEREFORE CONSIDERED AND ORDERED, That the verdict of the jury in the above entitled cause, and the judgment based thereon be, and the same is hereby set aside and held for naught.

"IT IS FURTHER ORDERED, That a new trial be, and the same is hereby allowed."

Plaintiffs, on appeal, assign error as follows:

"The Court erred in setting aside the verdict of the jury and granting defendant-respondent Bennett a new trial upon the ground that the com-

plaint failed to state a cause of action when there was no demurrer urged by defendant-respondent's counsel, and more than 30 days had elapsed between the time of the entry of the judgment and date of order setting aside the verdict and granting the new trial, and defendant-respondent did not urge that ground as a basis for new trial."

Section 5-806, O.C.L.A., reads as follows:

"* * * If a new trial is granted by the court on its own motion, the order shall so state and shall be made within 30 days after the filing of the judgment. Such order shall contain a statement setting forth fully the grounds upon which the order was made, which statement shall be a part of the record in the case. In event an appeal is taken from such an order, the order shall be affirmed only on grounds set forth in the order or because of reversible error affirmatively appearing in the record."

It is contended by appellants that the order granting a new trial to the defendant was on the court's own motion and was made 42 days after entry of judgment in contravention of the above statute and, therefore, was erroneous and void.

Turning to the order in question, we find that the court set aside the verdict of the jury and the judgment based thereon because "* * * this cause was tried on the theory of false and fraudulent misrepresentations," and "* * * plaintiffs' complaint does not state facts sufficient to constitute a cause of action based upon fraud," and thereupon ordered a new trial.

To determine whether or not such an order was made upon the court's own motion or was based upon the motion of defendants hereinbefore set out, it is necessary to ascertain if there was anything in the motion sustaining the court's reason for setting aside

the verdict and judgment, to-wit: whether the complaint stated "* * * facts sufficient to constitute a cause of action based upon fraud."

■■ The first ground of the motion was insufficiency of evidence; the second ground was that the verdict of the jury was contrary to the instructions of the court; the third ground was that the court erred in law at the trial in the following particulars: (a) that the court should have granted a nonsuit predicated upon the evidence adduced at the trial, and (b) that the court erred in not giving a requested instruction. It will thus be seen that defendant's motion for a new trial was wholly devoid of anything remotely connected with the sufficiency of plaintiffs' complaint.

It is obvious from reading the order of the trial court that the whole of such order was based on the insufficiency of plaintiffs' complaint, and, not being in response to defendant's motion, it was an order granted on its own motion, and, not having been entered within 30 days after the filing of the judgment, the same was void and of no effect.

In the case of *Bean v. Hostettler,* 182 Or. 510, 188 P. 2d 636, a motion for a new trial was based upon four grounds. The trial court, in granting a new trial, did not base its ruling upon any of the grounds specified in the motion but wholly upon other grounds. We there held that the new trial was granted by the court on its own motion.

The order setting aside the verdict and judgment and the granting of a new trial is reversed with directions to reinstate the verdict of the jury and the judgment based thereon with legal interest from the date of the original entry of the judgment, to-wit: April 18, 1950.