Argued September 23, affirmed October 7, 1953.

## CORREIA *v.* BENNETT and JOHNSON ET UX.

261 P. 2d 851

*Alfred T. McGill,* of Portland, argued the cause and filed a brief for appellant.

*Carl R. Wells,* of Portland, argued the cause for respondent. On the brief were Easley & Whipple, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, TOOZE and PERRY, Justices.

TOOZE, J.

This is an action for damages for personal injuries sustained as the result of the alleged negligent operation of motor vehicles, brought by Ruth L. Correia, as plaintiff, against Stanleigh H. Bennett, Newton Johnson, and Olga M. Johnson, his wife, as defendants. The case was tried to a jury. Two verdicts were returned, one in favor of plaintiff and against the defendants Stanleigh H. Bennett and Newton Johnson in the sum of $4,250, and the other in favor of defendant Olga M. Johnson. Judgment was entered in favor of plaintiff against defendants Stanleigh H. Bennett and Newton Johnson, jointly and severally, in the sum of $4,250. Defendant Bennett moved the court for judgment in his favor notwithstanding the verdict, or, in the alternative, for a new trial. His motion for a new trial was sustained. Plaintiff appeals.

The plaintiff was riding as a passenger in a car driven by her husband Manuel Correia, which was involved in a collision at the intersection of North Lombard and North Wall streets in the city of Portland,

Oregon, on October 3, 1948; as the proximate result of such collision, she suffered severe personal injuries. North Lombard street is an established through street, and vehicles approaching such street from intersecting streets and highways are required by law to stop before entering such thoroughfare.

The Correia car was headed in an easterly direction, and the defendant Bennett's car, in a westerly direction on North Lombard street. At the same time, the defendant Newton Johnson was operating a motor vehicle owned by defendant Olga M. Johnson, his wife, in a southerly direction on North Wall street. Defendant Johnson entered North Lombard street without first stopping, and his vehicle collided with that of defendant Bennett. Defendant Bennett's car then collided with the car in which plaintiff was riding.

The trial court instructed the jury to return a verdict in favor of plaintiff against the defendant Newton Johnson.

The judgment as mentioned above was entered against defendants Bennett and Newton Johnson on January 25, 1952. On February 4, 1952, defendant Bennett filed his motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. On March 7, 1952, or 42 days after judgment was entered, the trial court entered an order denying the motion for judgment notwithstanding the verdict but sustaining the motion for a new trial. The order granting a new trial reads as follows:

"This matter came on for hearing before the undersigned, Judge of the Above Entitled Court, on the 7th day of March, 1952, upon defendant, Stanley H. Bennett's Motion for Judgment Notwithstanding the Verdict and in the Alternative for a New Trial, plaintiff appeared by her Attorney,

Alfred T. McGill, and defendant Stanley H. Bennett appeared by his attorney, Norman Easley, defendant Olga M. and Newton Johnson, defendants, appearing not. Arguments were heard and the Court Finding that the defendant Stanley H. Bennett's Motion for Judgment Notwithstanding the Verdict is not well taken, *and the Court further finding that error prejudicial to defendant Stanleigh H. Bennett was committed when the Court gave over emphasis when it instructed upon four different occasions to the effect that if the jury found that defendant Bennett after knowledge of defendant Johnson's disobedience to a stop sign nevertheless endeavored to beat defendant Johnson across the intersection, then he, the defendant Bennett was negligent.*

"NOW THEREFORE, IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED: That defendant Stanleigh H. Bennett's Motion for Judgment Notwithstanding the Verdict, be and is hereby denied, and [sic]

AND IT IS FURTHER CONSIDERED, ADJUDGED AND DECREED that defendant Stanleigh H. Bennett's Motion in the Alternative for a new Trial be and hereby is allowed." (Italics ours.)

We have emphasized a portion of the foregoing order. Plaintiff contends that that part of the order constitutes the sole ground assigned by the court for its order, and that under the record it amounted to an allowance of a new trial by the court on its own motion. This claim is based upon the proposition that upon the conclusion of the instructions to the jury the defendant Bennett did not save an exception based upon the ground that the court had overemphasized a part of its instructions, and that, therefore, that matter was not properly before the court as a part of the motion for new trial.

■ The law is well settled that the trial court is without power to grant a new trial on its own motion after

the expiration of 30 days from the date of judgment. *Rosencrans et ux. v. Bennett et ux.*, 193 Or 45, 236 P2d 798; § 5-806, OCLA.

In the Rosencrans case the order granting a new trial was entered 42 days after the entry of judgment. The sole ground assigned in the order for the granting of the new trial was "that plaintiffs' complaint does not state facts sufficient to constitute a cause of action based on fraud." Several grounds for a new trial were alleged in the motion therefor, but the motion "was wholly devoid of anything remotely connected with the sufficiency of plaintiffs' complaint". In disposing of this matter, Mr. Justice LATOURETTE, at page 50 of 193 Or, said:

"It is obvious from reading the order of the trial court that the whole of such order was based on the insufficiency of plaintiffs' complaint, and, not being in response to defendant's motion, it was an order granted on its own motion, and, not having been entered within 30 days after the filing of the judgment, the same was void and of no effect."

In the instant case, among the grounds assigned in the motion of defendant for a new trial were errors at law occurring at the trial and excepted to by defendant, being grounds for a new trial pursuant to the provisions of § 5-802, OCLA.

The alleged errors under this portion of the motion concerned five instructions given by the court to the jury, all of which, together with the exceptions noted, are set forth in detail; also, the refusal of the court to give six requested instructions, as set forth at length in the motion. Then under subdivision C of the motion, defendant set forth the following ground:

"C. Under the doctrine of Archambeau v. Edmunson, 87 Ore. 476, this defendant urges:

"1. The Court erred in giving the following repetitive instructions which gave undue emphasis to a particular phase of this case:

> "I instruct you with reference to the conduct of defendant Bennett in this case that if you find from the evidence that the defendant Bennett in approaching the intersection where the accident occurred had reason to believe that the defendant Johnson's car was not going to stop upon entering the intersection and that the defendant Bennett, nevertheless, endeavored to pass in front of the defendant's car, such conduct on the part of the defendant Bennett would be negligence; and if that conduct caused or contributed directly to the collision of his car with the plaintiff's car, then he would be liable, and your verdict would be against the defendant Bennett.
>
> "* * * * * *"

Additional instructions which to a certain degree repeated the foregoing are set forth in connection with this ground for the motion.

As before stated, at the time of trial no exception was saved by defendant Bennett to the giving of repetitious instructions that overemphasized a particular phase of the case. The mere fact that no exception was saved at the time of trial did not bar defendant from thus claiming error on account thereof in his motion for a new trial, nor did the court's action in adopting that ground as the basis of its order granting a new trial give to the order the character of one "granted on the court's own motion".

In *Archambeau v. Edmunson,* 87 Or 476, 486, 171 P 186, we said:

> "Since that amendment [Art. VII, § 3, Const. of Oregon] became operative it has been held that the

granting of a new trial was not a matter of discretion; that an order for the rehearing of a cause could not be sanctioned except when the court had committed some error, which if not properly excepted to or seasonably called to the attention of the court and the motion denied, would have been sufficient cause for a reversal of the judgment if it had been brought up for review; and that under such circumstances the trial court *upon motion* or *sua sponte* possessed adequate power and was authorized within the prescribed time, to correct the error which it had committed by granting a new trial * * *." (First italics ours.)

█ The error justifying an order for a new trial is substantial error; it is such error which, if duly excepted to, would be sufficient cause for a reversal on appeal. Where such error occurs on a trial, whether excepted to or not, it may form the ground of a motion for a new trial, and such motion, based thereon, may properly be allowed. Or, for such error appearing of record, the trial court may at any time within 30 days after the entry of judgment award a new trial on its own motion.

█ In *Timmins v. Hale,* 122 Or 24, 32, 256 P 770, Mr. Justice RAND, speaking for the court, set forth the following rules:

"From these decisions it is now settled law in this state that a trial court is authorized to set aside a judgment and grant a new trial because of some error of law occurring upon the trial as to matters not called to the attention of the court during the trial and as to matters to which no exception was taken. But before the court is authorized to act, the error must have been prejudicial and it must have prevented the party in whose interest the power is invoked from having his case fairly presented and tried, and we think it must have been an error which

if the matter had been seasonably called to the attention of the court and an adverse ruling made and an exception taken, would have been sufficient to justify the reversal of the judgment upon appeal; for as has been said, 'no man is entitled to more than one fair trial,' and therefore insignificant errors or irregularities which are not prejudicial are not grounds upon which a trial court is authorized to exercise the power of setting aside a judgment on a verdict and granting a new trial. In respect to the necessity of there having been a ruling in the lower court and an exception taken which is requisite to a reversal upon appeal, there is a clear and well-recognized distinction between the power of the trial court on the one hand to set aside a judgment and grant a new trial, and the power of the Supreme Court to reverse a judgment upon appeal, for it has been repeatedly held by this court, that it is not error alone, but error legally excepted to that constitutes grounds for reversal: Maddox v. McHatten, 111 Or. 324 (224 Pac. 833, 226 Pac. 427), and authorities there cited."

Also see *Clark v. Fazio et al.*, 191 Or 522, 527, 230 P2d 553; *Lyons v. Browning et al.*, 170 Or 350, 354, 133 P2d 599.

At the time of trial defendant saved an exception to the giving of the instruction above quoted (as well as to similar instructions) upon the ground that "the instruction completely overlooks the fact of the standard of care required of the defendant Bennett was that care to be exercised by a reasonably prudent person under the same or similar circumstances." He also stated other substantial grounds of objection, but the foregoing is sufficient for the purposes of this opinion. The giving of the instruction in question was assigned by defendant as one of his separate grounds for a new trial. The trial court erred in giving that instruction. In effect, it determined the question of

defendant's negligence as a matter of law instead of leaving it to the jury to be determined as a question of fact. It is obvious that proceeding to cross in front of Johnson's car under the circumstances outlined did not in and of itself constitute negligence on the part of Bennett as a matter of law. It was negligence only if under like or similar circumstances a reasonably prudent person would not have done so. Bennett had the right of way. This right was not absolute, and in his use thereof, he was required to exercise due care; that is, the care that would be exercised by a reasonably prudent person in like or similar circumstances, but whether he did or did not exercise such care was a jury question. The error of the court in giving that instruction was alone sufficient to justify the order for a new trial. It is unnecessary, therefore, for us to examine the other grounds assigned in the motion for a new trial or the four instructions claimed to be repetitious, and which, it is asserted, overemphasized a particular phase of the case, and upon which the court based its order.

It is well established in this state that an order for a new trial need not specify any ground or reason therefore, and an order granting a new trial will not be reversed even if a wrong ground therefore be assigned, if there is any tenable ground for sustaining it in the record, although such ground may not be recited in the order, and it is incumbent on the party seeking to reverse an order for a new trial to show that none of the grounds specified in the motion is well taken. *Bartholomew v. Oregonian Pub. Co.,* 188 Or 407, 411, 216 P2d 257; *Smith v. Pacific Truck Express,* 164 Or 318, 323, 100 P2d 474; *Zeek v. Bicknell,* 159 Or 167, 169, 78 P2d 620; *Arthur v. Parish,* 150 Or

582, 586, 47 P2d 682; *Cicrich v. State Ind. Acc. Comm.*, 143 Or 627, 635, 23 P2d 534.

The further contention of plaintiff that the order granting a new trial is invalid because it was not entered during the same term of court in which the judgment was rendered is wholly without merit. It is immaterial that the cause was not specifically continued beyond the term for the purpose of hearing and determining the motion. The time limits for hearing and determining such motions or for the court acting on its own motion are provided by statute: §§ 5-803 and 5-806, OCLA. Therefore, it is to the statutes we must look for the rules governing such procedure, not to the common law. Section 5-803, OCLA, gives the court 55 days from the date of entry of the judgment within which to hear and determine a motion for a new trial. The order in this case was entered well within the prescribed time.

The order granting a new trial is not indefinite in its terms. Defendant's motion for a new trial is simply allowed by the order. His codefendant Newton Johnson did not join in the motion for new trial, nor did he appeal from the judgment. His other codefendant, Olga M. Johnson, was absolved from liability by the verdict, and no appeal was taken by plaintiff from a judgment in her favor, based on the verdict. The order is not void because a new trial is granted defendant Bennett only. Plaintiff's claim in that respect is without merit. It is permissible in an action against joint tort-feasors to grant a new trial as to one defendant and deny it as to the other. *Stamos v. Portland Elec. Power Co. et al.*, 128 Or 310, 313, 274 P 915.

The order granting defendant Bennett a new trial is affirmed.