Argued January 27, affirmed February 10, 1954

# MUSE *v.* SPOKANE, PORTLAND and SEATTLE RAILWAY COMPANY

266 P. 2d 412

*Nels Peterson,* of Portland, argued the cause for appellant. With him on the brief was Frank H. Pozzi, of Portland.

*Cleveland C. Cory,* of Portland, argued the cause for respondent. With him on the brief were Hart, Spencer, McCulloch, Rockwood & Davies, and Hugh L. Biggs, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, LUSK, BRAND, TOOZE and PERRY, Justices.

PER CURIAM.

This is an action for damages for personal injuries arising out of alleged acts of negligence, brought by Calvin P. Muse, as plaintiff, against Spokane, Portland and Seattle Railway Company, a corporation, as defendant. The case was tried to a jury. A verdict was returned in favor of plaintiff against defendant for the sum of $46,238.20, and judgment was entered accordingly. Upon motion of defendant, the trial court set aside the judgment and granted a new trial: Plaintiff appeals.

Plaintiff, employed by defendant as a carman's helper, brought action under the provisions of the Federal Employers' Liability Act (45 USCA, §§ 51-60) to recover damages because of alleged permanent injuries to his lower back. He claimed to have sustained these injuries as the result of lifting a carton of car jacks, weighing approximately 125 pounds, while employed inside a freight car of the defendant, in extinguishing a fire burning therein.

By his complaint plaintiff charged defendant with five specific acts of negligence, as follows:

"1. In repairing said railway car without taking safeguards to precent [sic] its being set on fire.

"2. In ordering and directing this plaintiff to lift and maneuver a heavy package weighing in excess of 125 pounds, under the circumstances then and there existing.

"3. In failing and neglecting to provide a sufficient number of workmen to perform the task assigned to this plaintiff at said time and place.

"4. In failing and neglecting to provide a reasonably safe place for this plaintiff to perform the work assigned to him at said time and place.

"5. In failing and neglecting to have adequate supervision of the work which plaintiff was then and there ordered to perform."

All of these specific charges of negligence were put in issue by defendant's answer.

In its instructions to the jury the trial court took from its consideration specification numbered 1, but submitted all the other specifications of negligence. Defendant duly excepted thereto. In its motion for a new trial defendant assigned error of the trial court in several particulars, among them being alleged error in submitting to the jury the several charges of negligence above set forth.

In its order granting a new trial the trial court stated:

"The Court * * * is of the opinion * * * (2) that the alternative motion for a new trial is well taken and should be granted, because of error in submitting to the jury, over defendant's objection timely made, the allegations of negligence contained in subparagraphs 2, 3 and 5 of paragraph III of plaintiff's complaint, in the absence of any evidence to support said charges of negligence, or any of them; this error substantially affecting the material rights of the defendant and requiring a new trial herein to prevent injustice, * * *."

A careful perusal of the record convinces us that the trial court was correct in its conclusion that there was a total absence of substantial evidence to justify submitting said specifications of negligence to the jury, and the court erred in so doing . This is particularly true as to specification numbered 3. *Zimmerman v. West Coast Trans-Oceanic S. S. Lines,* 199 Or 78, 258 P2d 1003, 1006.

In its general instructions to the jury the trial court instructed that in order to recover it was neces-

sary only for plaintiff to establish by a preponderance of the evidence the existence of one or more of the specific acts of negligence submitted for consideration, provided such one or more acts of negligence so established proximately caused plaintiff's injuries. The trial court could not possibly determine, nor can we, what alleged act or acts of negligence entered into the verdict.

■■ We do not feel is necessary to restate the well-established law of this state respecting an order of a trial court granting a new trial for error committed. In every case it requires a much stronger showing to authorize a reversal of an order granting a new trial than it does to reverse an order overruling a motion therefor. We find no abuse of discretion on the part of the trial court in sustaining the motion for a new trial in this case. *Correia v. Bennett,* 199 Or 374, 261 P2d 851, 855; *Clark v. Fazio et al.,* 191 Or 522, 528, 230 P2d 553; *Lyons v. Browning et al.,* 170 Or 350, 354, 133 P2d 599.

The order granting new trial is affirmed.