Argued March 4, affirmed April 13, 1966

# LUNDQUIST *v.* IRVINE

413 P. 2d 416

*Richard C. Bemis,* Portland, argued the cause for appellant. With him on the brief were Seitz & Whipple and Stewart M. Whipple, Portland.

*James K. Buell,* Portland, argued the cause for respondent. With him on the brief were Phillips, Coughlin, Buell & Phillips and David N. Hobson, Portland.

Before McAllister, Chief Justice, and Sloan, Denecke, Holman and Lusk, Justices.

HOLMAN, J.

Plaintiff brought an action for damages because of personal injuries incurred in a collision between vehicles operated by plaintiff and defendant respectively. The accident occurred in the city of Portland at the intersection of southwest Broadway, southwest Sixth Street and southwest Grant Street. Sixth runs north and south. Broadway intersects the western side of Sixth at approximately a 45 degree angle and terminates there. At this point of intersection Grant, which runs east and west, intersects Sixth at right angles. This makes a five direction intersection.

Sixth has two lanes for traffic in each direction. Broadway is a one-way street with three lanes for traffic traveling south. Plaintiff was operating his vehicle in a northerly direction on Sixth in the lane for north bound traffic nearest the center line. Defendant was operating her vehicle in a southeasterly direction on Broadway in the center lane. There are

no traffic signs or signals at the intersection for traffic on either Sixth or Broadway. The collision took place within the northeast quarter of the intersection when the front end of defendant's car came into contact with the left side of plaintiff's vehicle. Plaintiff was attempting to continue north on Sixth. Defendant, after entering the intersection from Broadway, was turning at a 45 degree angle to her left intending to leave the intersection by going east on Grant.

Plaintiff charged defendant, among other allegations of negligence, with failing to give any signal of her intention to make a left turn. Defendant admitted in her testimony that she did not make such a signal. The trial judge instructed the jury that defendant was negligent as a matter of law in failing to signal her intention to turn left and that her failure was the cause of the accident. He did not instruct as to defendant's duties concerning the other allegations of negligence made against her. Defendant charged plaintiff with contributory negligence. The court submitted the question of plaintiff's contributory negligence and damages to the jury. The jury returned a defendant's verdict. There was no dispute but that plaintiff suffered some injury in the accident. The jury, therefore, had to find that plaintiff was contributorily negligent.

Plaintiff moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The motion for a new trial was granted without specifying the grounds in the motion on which it was based. From this order defendant appealed.

■ In granting a new trial on the motion of a party, the trial court is limited to the grounds set forth in the motion. ORS 17.620. Such an order will not be

reversed if it can be sustained on any ground in the motion whether referred to in the order or not. *Durnford v. Worden,* 242 Or 536, 410 P2d· 1020 (1966); *Baden v. Sunset Fuel Co.,* 225 Or 116, 121, 357 P2d 410 (1960); *Hillman v. North. Wasco County PUD,* 213 Or 264, 275, 323 P2d 644 (1958).

One of the grounds specified in plaintiff's motion for a new trial was that the court committed error by limiting its instructions about defendant's duties to the allegation that she failed to signal. Plaintiff claims instructions should have been given relative to other specifications of negligence against defendant. He contends that because the court failed to instruct upon defendant's other duties the jury had no way of knowing what conduct by defendant the plaintiff was required to anticipate in order to avoid contributing to the accident. He therefore argues that the jury had no way of determining whether plaintiff's actions were negligent in relation to defendant's conduct.

■■ Whether a person's actions in the operation of his vehicle are negligent in relation to the operation of another vehicle may depend, in the absence of notice to the contrary, upon what he has a right to anticipate the other operator will do. See Prosser, Torts § 33, at 173-179 (3d ed 1964). In this case plaintiff was charged with speed and failure to control his vehicle. The defendant was charged with failing to yield the right of way to plaintiff's vehicle approaching from her right. When an operator sees another vehicle simultaneously approaching an intersection, the reasonableness of his subsequent acts involving both speed and control depends in part upon which vehicle has precedence. If he has precedence he does not have the right to proceed blindly through the intersection in the

belief that the other vehicle will yield the right of way. Neither does he have the duty to control his speed and manner of driving to the same extent as he would if he did not have the right of way. In this case *the jury was told nothing about the parties' relative rights to precedence in the use of the intersection.* Therefore, the jury was not given a proper basis for the evaluation of the reasonableness of plaintiff's actions.

■ While instructing the jury about plaintiff's alleged contributory negligence, the court gave instruction based upon the basic rule, which provides in part as follows:

> ORS 483.102 (2). "No person shall drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary *to avoid colliding with any* person, *vehicle* or other conveyance *on or entering the highway in compliance with legal requirements and with the duty of drivers* and other persons using the highway *to exercise due care.*" (Emphasis ours).

The court never told the jury of the other driver's duty. An instruction was given the jury that plaintiff had a right to assume that defendant would obey the law in the operation of her vehicle. This instruction was meaningless unless the jury was told what her duties were.

■ The court's error was one which, had objection been made to the court's failure to instruct as to all of defendant's duties, would have merited reversal on appeal. The error was therefore prejudicial. On motion of a party the trial judge may, in the exercise of his sound discretion, without exception having been taken, grant a new trial for erroneous instructions resulting in prejudicial error. *Clark v. Fazio,* 191 Or 522, 527-

528, 230 P2d 553 (1951) (dictum); *Correia v. Bennett and Johnson,* 199 Or 374, 382, 261 P2d 851 (1953); *Lee v. Caldwell,* 229 Or 174, 181, 366 P2d 913 (1961).

The order of the trial court granting a new trial is affirmed.