Argued October 28, reversed November 29, reconsideration denied
December 22, 1976, petition for review allowed March 1, 1977
See later volume of Oregon Reports

# MAULDING, *Respondent,*

*v.*

# CLACKAMAS COUNTY, *Appellant.*

## (No. 85519, CA 5586)

557 P2d 41

*Edward H. Warren,* Portland argued the cause for appellant. With him on the briefs were Donald E. Hershiser and Hershiser, Mitchell & Warren, Portland.

*Raymond R. Bagley, Jr.,* Oregon City, argued the cause for respondent. With him on the brief were Jack, Goodwin & Urbigkeit, Oregon City.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

**FORT, J.**

The defendant county appeals from the circuit court's denial of its motion for a directed verdict and from the court's order setting aside judgment on the jury verdict in favor of the defendant and granting the plaintiff's motion for a new trial.

On May 5, 1973, plaintiff allegedly fell into a "dump box" while unloading refuse at the Clackamas County-Sandy Transfer Station, a refuse disposal facility open to the public. Plaintiff brought an action at law against the county for damages for personal injuries sustained from the fall. The plaintiff's amended complaint alleged:

"V

"That the proximate cause of said fall and the injuries sustained by plaintiff was the negligence of the defendants and each of them in one or more of the following particulars, to-wit:

"1. In failing to install and maintain a brow log or other fixture to prevent persons from falling from the unloading area into the disposal area.

"2. In failing to give adequate or any warning that the premises were slippery.

"3. In failing to install and maintain a hand railing or other device to prevent patrons on the premises from slipping from the loading area into the disposal area."

Prior to submission of the case to the jury, defendant moved for a directed verdict on the ground that the allegations of negligence were all matters of discretion for which the county is immune. The court denied the motion. Defendant then moved that the court remove from the jury's consideration each of the allegations of negligence. The court granted this motion as to allegations (1) and (3), but denied it as to allegation (2).

The plaintiff requested that the jury be instructed in accordance with Oregon State Bar Uniform Jury Instructions numbers 11.51, 11.52, 11.53 and 11.54 on the issue of comparative negligence. The court gave these instructions as requested. The plaintiff did not

take an exception to them. The parties now concede that these instructions were erroneous in light of an amendment to ORS 18.470, which had become effective on September 13, 1975, changing the law to provide that when the parties are equally negligent, the plaintiff may recover half his damages. Oregon Laws 1975, ch 599, § 1.[1]

The jury returned a verdict in favor of the defendant on October 2, 1975.

On October 16, 1975, plaintiff moved for a new trial on the following grounds:

"1. That the Court in instructing the jury on comparative negligence, set forth the law as it existed prior to October 1, 1975. As of October 1, 1975, the law was changed to provide that in a 50/50 situation of negligence between plaintiff and defendant, the plaintiff may recover 50% of his damages. If the Court will recall, the jury specifically asked what the situation would be if the negligence on the part of each party was 50%. The Court instructed the jury that the plaintiff could not recover under these circumstances. That was incorrect, and an error at law under the provisions of ORS 18.470 as amended by the 1975 legislature. See attached copy.

"2. That the Court erred in withdrawing from the jury's consideration, subsections 1 and 3 of plaintiff's allegations of negligence. In support of his position, plaintiff will rely upon the case of *Lanning v. State Hwy. Comm.* 15 Or App 310 on page 318. See attached copy."

On October 22 a judgment order on the jury verdict in

---

[1]We note that Oregon Laws 1975, ch 599, § 6, provides:

"This Act governs all actions *tried* subsequent to its effective date." (Emphasis supplied.)

Accordingly, this case is not controlled by the rules of retroactivity announced in *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972), and in *Coos-Curry Elec. v. Curry County,* 26 Or App 645, 554 P2d 601 (1976). *See: Kempf v. Carpenters and Joiners Union,* 229 Or 337, 341, 367 P2d 436 (1961).

This case demonstrates again the serious difficulty faced by litigants, attorneys and judges in the prompt ascertainment of legislation adopted at each session of the legislature. This is particularly true when, as here, laws are adopted or changed in such a way as to make them instantaneously applicable and changing the rules governing the trial or hearing of matters already pending before any tribunal.

favor of defendant was filed. On October 29 a hearing was held on the plaintiff's motion for a new trial, and on November 4 a memorandum opinion was filed which stated that the motion should be granted on the grounds set forth in paragraph 1 of the motion, and requested that plaintiff's counsel submit an order in conformance with the opinion. The court's order granting the new trial was filed on November 24, more than 30 days after the filing of the judgment, and stated:

"THIS MATTER having come on for hearing on the 29th day of October, 1975 *on plaintiff's Motion to set aside the verdict and grant a new trial,* plaintiff appearing by and through Alan R. Jack, of his attorneys, and defendant appearing by and through Donald Hershiser, of its attorneys, and *the Court* having heard arguments on behalf of each of the parties and being fully advised in the premises, and *based upon the following reasons, allows plaintiff's motion:*

"(1) On the date of trial an amendment of ORS 18.470 enacted by the 1975 Legislature as Senate Bill 797 had become effective. This law permitted plaintiff to recover if his percentage of fault was not greater than defendant's percentage of fault.

"(2) The Court instructed the jury, according to ORS 18.470, prior to said amendment, which in effect provided that plaintiff could only recover if his percentage of fault was not as great as that of defendant. Such instruction was repeated at the jury's request during their deliberations. Such *instruction was contrary to the existing law and was prejudicial to the plaintiff's rights.*

"(3) The Court was unaware of the amendment and apparently counsel for both parties were also unaware of the amendment.

"(4) *The erroneous instruction, although not excepted to, was such as to prevent the plaintiff from having a fair trial,* and based thereon, it is hereby

"ORDERED AND ADJUDGED: That the verdict and Judgment Order heretofore entered in the above case shall be set aside and plaintiff shall be granted a new trial, and it is

"SO ORDERED." (Emphasis supplied.)

Defendant appeals, assigning as error (1) the

[ 575 ]

court's granting of a new trial, and (2) the court's denial of defendant's motion for a directed verdict.

We deal first with the question whether the new trial was properly granted.

ORS 17.610 provides for the granting of a new trial on the motion of a litigant:

"A former judgment may be set aside and a new trial granted *on the motion of the party aggrieved* for any of the following causes materially affecting the substantial rights of such party:
"* * * * *

"(7) Error in law occurring at the trial, *and excepted to by the party making the application.*" (Emphasis supplied.)

ORS 17.630 provides for the granting of a new trial on the motion of the court:

"*If a new trial is granted by the court on its own motion, the order shall so state and shall be made within 30 days after the filing of the judgment.* Such order shall contain a statement setting forth fully the grounds upon which the order was made, which statement shall be a part of the record in the case. In event an appeal is taken from such an order, the order shall be affirmed only on grounds set forth in the order or because of reversible error affirmatively appearing in the record." (Emphasis supplied.)

The Oregon Supreme Court in *Beglau v. Albertus,* 272 Or 170, 536 P2d 1251 (1975), has recently stated that there are three categories of cases where a new trial may be granted for prejudicial error:

"* * * (1) Cases in which such orders have allowed motions for new trials based upon grounds specified in ORS 17.610, including 'error in law occurring at the trial, and excepted to by the party making the application'; (2) Cases in which trial courts have granted new trials upon their 'own motion'; and (3) Cases in which new trials were granted because of substantial and prejudicial error to which no proper exception or objection was taken, but which were raised by motion for new trial, rather than by a trial court on its own motion * * *." 272 Or at 181-82. (Footnotes omitted.)

[ 576 ]

Under the facts in *Beglau* the court held:

> "In this case a new trial could not be properly granted under ORS 17.610(7) for 'errors in law' which were 'excepted to,' because no proper request was made for the instructions on statutory headlight requirements. Neither could the court grant a new trial in this case 'on its own motion' for its error in refusing to give such instructions, on the ground that defendant's tractor was exempt from such statutes, because the order granting the new trial was not entered within 30 days from entry of judgment, as required by ORS 17.630. Thus, the granting of the new trial in this case can be sustained only under the third of these categories, provided that the requirements established by previous decisions of this court are satisfied in this case." 272 Or at 182.

Applying the reasoning of *Beglau* to the case at bar, we find that this case clearly does not fall within categories (1) or (2). The new trial was not properly granted pursuant to ORS 17.610(7) because of plaintiff's failure to except to the instructions given on comparative negligence. Neither was the new trial properly granted on the court's own motion, pursuant to ORS 17.630, because the court failed to comply with the requirements that (1) the order state that the court is acting on its own motion, and (2) the order be made within 30 days after the filing of the judgment. Here the order stated that it "allows plaintiff's motion" and was not timely filed. Although a memorandum opinion that the plaintiff's motion should be granted was timely filed, "a memorandum opinion of the trial court does not become effective until it is reduced to a proper order, judgment or decree and entered * * *," *Beardsley v. Hill,* 219 Or 440, 442, 348 P2d 58 (1959). The order was not filed until after the 30-day period had run.

Therefore, the new trial in this case could have been properly granted only if this case falls within the third category of cases discussed in *Beglau.* The initial requirement to be met is that "the grounds stated in plaintiff's motion for a new trial [must be] sufficiently related to and supportive of the grounds stated in the

order granting the new trial," 272 Or at 185; *Rosencrans v. Bennett,* 193 Or 45, 236 P2d 798 (1951); *Correia v. Bennett and Johnson,* 199 Or 374, 261 P2d 851 (1953). Here this requirement is met for the ground of erroneous instructions. However, because the court's order is silent as to the ground of erroneous withdrawal from jury consideration of allegations of negligence, we cannot consider whether that ground could have supported a proper grant of a new trial. Furthermore, we note that the plaintiff has not cross-appealed from the failure of the trial court to grant his motion for a new trial because it withdrew from the jury allegations of negligence (1) and (3).

■ Here, plaintiff himself requested the erroneous instructions and did not take exception when the instructions were given as requested. Under *Beglau,* mere failure to except to an error does not by itself bar the granting of a new trial. However, we do not read *Beglau* to render inapplicable in this context the general rule that "[e]rror when *invited* will not be reviewed," (emphasis supplied), *Richardson v. Portland T. Car Co.,* 113 Or 544, 551, 233 P 540 (1925), *overruled on other grounds Simpson v. The Gray Line Co.,* 226 Or 71, 75, 358 P2d 516 (1961). *See also: Rolfe v. N. W. Cattle & Resources, Inc.,* 260 Or 590, 491 P2d 195 (1971); *Calif.-Pacific Utilities v. Barry,* 254 Or 344, 460 P2d 847 (1969).

In *Thorp v. Corwin,* 260 Or 23, 488 P2d 413 (1971), where the plaintiff assigned as error the giving of an instruction, the court held:

> "The plaintiff is in no position to complain about the instruction. Plaintiff requested the court to give the Uniform Jury Instruction of the Oregon State Bar. * * *
>
> "* * * * *
>
> "The instruction given by the court contains substantially the same elements as plaintiff specifically requested." 260 Or at 28-29.

In *Beglau,* the plaintiff had not invited the error which formed the basis for the granting of a new trial.

[ 578 ]

Plaintiff had requested instructions on the statutory requirements for headlights. Although such request was "clearly insufficient,"

> "* * * [it] was denied, not on the ground that the request was not timely, written, or sufficiently specific, but upon the ground that under ORS 483.032 defendant's tractor was not subject to these statutory requirements—a reason which the trial court later, on plaintiff's motion for new trial, concluded to be in error." 272 Or at 179.

In contrast, in the case at bar the plaintiff clearly invited the erroneous instructions. The instructions given were identical to those requested. No exception was taken after they were given. We hold that plaintiff, by inviting the error upon which he bases his motion for a new trial and upon which that motion was granted, has waived his right to a new trial on that ground.

Accordingly, we reverse the court's order granting a new trial and reinstate the judgment on the jury verdict in favor of the defendant.

In view of our conclusion, we need not reach defendant's second assignment of error.

Reversed.