Argued April 5, affirmed May 10, 1977

MAULDING, *Petitioner,*

*v.*

CLACKAMAS COUNTY, *Respondent.*

(CA No. 5586, SC 25094)

563 P2d 731

Raymond R. Bagley, Jr., of Jack, Goodwin & Urbigkeit, Oregon City, argued the cause and filed briefs for petitioner.

Edward H. Warren, Portland, argued the cause for respondent. With him on the briefs were Donald E. Hershiser, and Hershiser, Mitchell & Warren, Portland.

HOWELL, J.

## HOWELL, J.

Plaintiff was injured when he fell while unloading refuse at defendant's garbage disposal facility. A jury returned a verdict for defendant, but the trial court granted plaintiff's motion for a new trial. The Court of Appeals reversed the trial court, 27 Or App 571, 557 P2d 41 (1977), and plaintiff appeals.

At the trial plaintiff requested and the court gave the Oregon State Bar Uniform Instruction on Comparative Negligence. The instruction stated that the plaintiff could recover only if the defendant's negligence was greater than plaintiff's negligence. Later, the jury returned to ask what they should do if they found the parties equally negligent. The court instructed that in such case plaintiff could not recover. Plaintiff did not except to this additional instruction. However, both instructions were wrong because, unbeknown to the parties and the court, the legislature had changed the law to provide that when the parties are found to be equally negligent, the plaintiff may recover one-half of his damages. Oregon Laws 1975, ch 599, § 1. The change had become effective on September 13, 1975, approximately two weeks before the trial. The jury returned a verdict for defendant on October 2, 1975. Some time thereafter, the new statute came to the attention of plaintiff's attorney, and, on October 16, 1975, he moved for a new trial on the grounds that the instruction was erroneous because of the recent change in the law.[1] Judgment on the verdict for defendant was filed on October 22, 1975. The order granting the new trial was not entered until November 24, more than 30 days after the filing of the judgment.

On defendant's appeal, the Court of Appeals reversed the order granting the new trial on the grounds plaintiff invited the error by requesting the erroneous instruction. We granted plaintiff's petition for review.

---

[1] Plaintiff's motion for a new trial also contained a second grounds for relief, but only the first is before us on appeal.

We have two statutes which relate to the granting of a new trial by the trial court. ORS 17.610 relating to new trials on motion of a party states:

"A former judgment may be set aside and a new trial granted *on the motion of the party aggrieved* for any of the following causes materially affecting the substantial rights of such party:

"* * * * *.

"(7) Error in law occurring at the trial, *and excepted to by the party making the application.*" (Emphasis added)

Pursuant to ORS 17.630, a new trial may be granted on the court's own motion as well:

"*If a new trial is granted by the court on its own motion, the order shall so state and shall be made within 30 days after the filing of the judgment.* Such order shall contain a statement setting forth fully the grounds upon which the order was made, which statement shall be a part of the record in the case. In event an appeal is taken from such an order, the order shall be affirmed only on grounds set forth in the order or because of reversible error affirmatively appearing in the record." (Emphasis added)

■ It is clear from these two statutes that if the new trial is allowed on motion of the aggrieved party it must be based upon an error of law which was properly excepted to at the trial. If the order is granted on the trial court's own motion, it is not restricted to error properly excepted to, but it must be made within 30 days of the filing of the judgment. *See, e.g., Fleet v. May Dept. Stores, Inc.,* 262 Or 592, 500 P2d 1054 (1972).[2]

Recently, in *Beglau v. Albertus,* 272 Or 170, 536 P2d 1251 (1975), we examined the history of orders

---

[2] We would also hold that if the trial court both on its own motion and on motion of the aggrieved party allowed a new trial within 30 days, the new trial would be proper even though the error was not excepted to. So long as the court has power to grant the order on its own motion, it seems immaterial that the error is first brought to its attention by one of the parties.

granting new trials. In that case, like this one, the trial court had granted a motion for a new trial even though the error had not been excepted to or otherwise raised at the time of trial. In discussing previous cases, we pointed out that prior to 1933 the trial court, when exercising its common law powers and granting a new trial on its own motion for prejudicial error not excepted to, did not have to act within 30 days. However, in 1933 the legislature enacted the predecessor to ORS 17.630, which required the trial court to enter any such orders made on its own motion within 30 days after the filing of the judgment.[3]

Subsequent to 1933, this court decided numerous cases dealing with new trials. Some failed to mention either of the statutes restricting new trial orders; they merely stated that the trial court could grant a new trial as a matter of course even though no exception had been taken. Finally, in *Correia v. Bennett and Johnson et ux,* 199 Or 374, 261 P2d 851 (1953), where the motion was made by the aggrieved party and the error had not been excepted to, the court declared that:

" * * * The mere fact that no exception was saved at the time of trial did not bar defendant from thus claiming error on account thereof in his motion for a new trial * * *.

"* * * * *.

"* * * Where such error occurs on a trial, whether excepted to or not, it may form the ground of a motion for a new trial, and such motion, based thereon, may properly be allowed. Or, for such error appearing of record, the trial court may at any time within 30 days after the entry of judgment award a new trial on its own motion." 199 Or at 381-82.

This statement is clearly incorrect insofar as it applies to motions made by aggrieved parties, for it is directly contrary to ORS 17.610(7), which requires that an exception have been taken. The statement is, however,

---

[3]The forerunner to ORS 17.610(7) was enacted in 1862. *See* Deady's General Laws of Oregon, Civil Code, ch 2, Title VIII, § 232 (1845-1864).

a correct interpretation of ORS 17.630, which applies to orders made on the court's own motion.

Unfortunately, the error arising from combining the two statutes and ignoring the specific statutory restriction in ORS 17.610(7) in the *Correia* case had been perpetuated in several subsequent decisions of this court, although usually only in dicta. *See, e.g., Young v. Crown Zellerbach,* 244 Or 251, 417 P2d 394 (1966); *Lundquist v. Irvine,* 243 Or 274, 413 P2d 416 (1966); *Lee v. Caldwell,* 229 Or 174, 366 P2d 913 (1961); *Hillman v. North Wasco Co. P.U.D., supra,* 213 Or 264, 323 P2d 664 (1958); and *Hays v. Herman,* 213 Or 140, 322 P2d 119, 69 ALR2d 947 (1958).[4] Ultimately, in *Beglau v. Albertus, supra,* we reviewed our previous cases in this area and divided them into three categories:

> "(1) Cases in which such orders have allowed motions for new trials based upon grounds specified in ORS 17.610, including 'error in law occurring at the trial, and excepted to by the party making the application'; (2) Cases in which trial courts have granted new trials upon their 'own motion'; and (3) Cases in which new trials were granted because of substantial and prejudicial error to which no proper exception or objection was taken, but which was raised by motion for new trial * * *." 272 Or at 181-82. (Footnotes omitted.)

Thus, in *Beglau* we recognized that a third category, one not based on either statute, had evolved through *Correia* and other cases in which new trials had been granted regardless of whether the error had been excepted to, as required by ORS 17.610(7), or whether the new trial was granted on the motion of the trial court and entered within the 30-day statutory period, ORS 17.630. In that opinion we also recognized the contentions which were raised by Chief Justice

---

[4]However, this trend has not been unanimous for two other decisions, *State v. Ellis,* 232 Or 70, 374 P2d 461 (1962), and *Rosencrans et ux v. Bennett et ux,* 193 Or 45, 236 P2d 798 (1951), have held that a motion for a new trial made on behalf of an aggrieved party could not be granted unless a proper exception to the error had been taken at trial.

O'Connell's dissent in that case which criticized *Correia* and its progeny for conflicting with the statutory requirements set forth in ORS 17.610 and 17.630,[5] but we declined to consider those arguments in *Beglau* because they had not been raised by the parties. 272 Or at 185-86.[6]

■ However, in the instant case, unlike *Beglau,* the defendant has challenged our decision in *Correia* and the subsequent cases which followed it. We are, therefore, now squarely presented with the contentions raised by the *Beglau* dissent, and we conclude that these contentions are correct. *Correia* and its progeny must be overruled, for these cases appear to establish a basis for new trial orders which is so broad that it would swallow up the existing statutory categories for such orders and thereby effectively abolish all restrictions which those statutes impose.[7] Any other result would amount to a deliberate disregard of the clear mandate of the legislature. Therefore, to the extent that *Young v. Crown Zellerbach,* supra; *Lundquist v. Irvine,* supra; *Lee v. Caldwell,* supra; *Hillman v. North Wasco Co. P.U.D., supra*; and *Hays v. Herman,* supra, are inconsistent with the statutory restrictions imposed by ORS 17.610 and 17.630, they, as well as *Correia,* are hereby overruled.

---

[5] In his dissent, Chief Justice O'Connell argued that the *Correia* rule ignored "the clear mandate of the legislature that new trials should not be granted for errors of law unless proper exceptions have been taken or the trial court chooses to correct error upon its own authority within the thirty days allowed by statute." 272 Or at 190.

[6] Significantly, the majority opinion in *Beglau* did not approve *Correia*; instead, it noted that the appellant had not raised the issue, and then concluded:

"Under *these circumstances,* and because the trial court could have easily granted plaintiff's motion for a new trial within 30 days *if there had been any previous indication* by the court that *Correia* may be overruled as stating an unsound rule, we decline to consider those contentions [that the statutes are exclusive] *in this case.* It follows that the order of the trial court granting a new trial was proper for the purposes of *this case,* even though not entered within 30 days." 272 Or at 186 (emphasis added).

[7] Apparently, the sole residual limitation under *Correia* is that the error relied upon must be "substantial and prejudicial."

In this case, there was neither a proper exception taken to the error complained of so as to meet the requirements of ORS 17.610(7), nor was the order granting the new trial entered within 30 days of the judgment so as to comply with ORS 17.630. Therefore, the judgment of the Court of Appeals reversing the trial court's order granting a new trial must be affirmed.

Affirmed.