FREDERICK G. WILDAUER, JR., BY FREDERICK G. WILDAUER, HIS NEXT FRIEND, AND FREDERICK G. WILDAUER AND NELLIE WILDAUER, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. ABRAM (ALSO KNOWN AS ABRAHAM) RUDNEVITZ, JACOB RUBY, PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION OF THE STATE OF NEW JERSEY, AND FRANKLIN MORTGAGE AND TITLE GUARANTY COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Submitted October 29, 1937—Decided February 10, 1938.

For the plaintiffs-respondents, *Charles W. Weeks* and *Kennedy & O'Donoghue.*

For the defendants-appellants, *Edward A. Markley, John F. Leonard* and *Collins & Corbin.*

The opinion of the court was delivered by

CASE, J.   The appeal brings up money judgments for damages arising out of injuries suffered by the minor plaintiff as the result of a premature movement of the elevator in which he was a passenger.   Appellants present four points, first, that the trial court erroneously refused to grant the defendants' motions for nonsuits and directions of verdicts; second, that there were errors in the court's charge; third, that the court erroneously amended the plaintiffs' bill of particulars; fourth, that the trial court erred in ruling upon evidence.

We find no reversible error under the third and fourth points.

As to the first point, we find that under the application of the maxim *res ipsa loquitur* the proofs justified a refusal to nonsuit; and we shall assume, although we do not decide, that at the close of the case the same situation prevailed with respect to a direction of verdict for the defendants; therefore the judicial rulings there questioned are not cause for reversal.

We find, however, that the court erred in its charge.   The court, in pronouncing the law of the case to the jury, said:

"If, in the operation of this elevator by the boy, in the way it was intended to be operated, an accident happened, that is, something happens which should not happen and caused injury, why then the law calls upon the defendant to speak and explain what he has to say about such a thing happening * * * .   This (viz., the application of the rule of *res ipsa loquitur*) means that the accident having happened on the defendants' elevator he must tell us that he did his part. * * * So I say it is for the defendants, therefore, to speak and tell us, if they can, why this accident happened."

In actions for negligence where the maxim *res ipsa loquitur* applies, the trial judge may hold that the circumstances are such as will, unexplained, permit the jury to draw the inference of negligence, but that inference is for the jury and not

for the court. *Hughes* v. *Atlantic City and Shore Railroad Co.*, 85 *N. J. L.* 212; *Niebel* v. *Winslow*, 88 *Id.* 191; *Fanshawe* v. *Rawlins*, 89 *Id.* 344. It was said by Mr. Justice Swayze in the Hughes case:

"He (viz., the trial judge) is called on in the first instance to say whether there is any evidence of negligence to go to the jury; in the absence of direct evidence, he may, in cases where the maxim applies, hold that the circumstances are such as will, unexplained, permit the jury to draw the inference of negligence; but that inference is still one for the jury and not for the court. They may not believe the witnesses; the circumstances may be such that the jury will attribute the injury to some cause with which the defendant has nothing to do; they may find the inference of negligence too weak to persuade their minds; they may think a reasonably prudent man would have been unable to take precautions to avoid the injury; and in any event they may render a verdict for the defendant. This is within their province even when there is no explanation by the defendant. When there is such explanation, it is for the jury to decide just as in the ordinary case of whatever kind, what the actual facts are and what inference should be drawn therefrom."

The conclusion reached in that case is applicable to our own:

"In applying the law to a case like the present, we think it clear that the plaintiff was bound to satisfy the jury by the preponderance of evidence that the defendant was guilty of negligence that caused the accident; if he introduced no evidence or no evidence from which an inference of negligence could be drawn, it would be the duty of the judge to direct a verdict for the defendant; if he introduced evidence which permitted or required an inference of negligence, it would be for the jury to say whether they believed the witnesses and, where an inference of negligence was permissible but not required, whether they drew that inference. The mere occurrence of the present injury did not require a finding of negligence  *  *  *."

The charge stated, in effect, that as a matter of law it was the defendant's duty to go forward with the evidence; whereas it was for the jury to determine what the significance of the proof was.

The judgment will be reversed to the end that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, WALKER, JJ. 12.