ADRIA GALBRAITH, PLAINTIFF-APPELLANT, v. MARIE SMITH, DOING BUSINESS AS ORCHID BEAUTY SHOP, DEFENDANT-APPELLEE.

Argued May 24, 1938—Decided August 6th, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Winfield S. Angleman.*

For the appellee, *Joseph J. Mulnick.*

The opinion of the court was delivered by

PERSKIE, J. This is a tort case. Plaintiff appeals from a judgment entered upon the judge's verdict of no cause for action.

Plaintiff entered defendant's beauty parlor for the purpose of obtaining a permanent wave. She was directed to a booth, and while sitting there during the course of the treatment, she was struck by a chandelier which was suspended from the ceiling, and which broke and fell upon her. Apart from a recital of the mere happening of the accident, there was some

testimony for the plaintiff that the chandelier was defectively installed. The proof for defendant, on the other hand, was to the effect that the chandelier was inspected regularly and that reasonable care had been exercised.

The court below ruled that the doctrine of *res ipsa loquitur* was inapplicable, but denied defendant's motions for a non-suit and for a directed verdict, and found, upon the proved facts, that there was no liability.

We think there was reversible error.

This is not the type of a case where all the facts and circumstances concerning the accident were disclosed by the proofs with nothing left to inference on the question of defendant's negligence. Were this such a case the doctrine of *res ipsa loquitur* would, of course, have no application. *Hochreutener* v. *Pfenninger,* 113 *N. J. L.* 317; 174 *Atl. Rep.* 513. On the contrary, the facts in the case at bar clearly invoke the doctrine. *Feingold* v. *S. S. Kresge Co.,* 116 *N. J. L.* 146, 147; 183 *Atl. Rep.* 170 (falling of a picture· display rack upon a customer in the store); *Gordon* v. *Weinreb,* 13 *N. J. Mis. R.* 835; 181 *Atl. Rep.* 435 (falling of a box of soap upon a store customer). *Cf. Cleary* v. *Camden,* 118 *N. J. L.* 215, especially cases collated at pages 219, 220; 192 *Atl. Rep.* 29; *affirmed,* 119 *N. J. L.* 387; 196 *Atl. Rep.* 455. That being so, the happening of the accident justified the inference of want of due care, of negligence.

True, defendant is always entitled to go forward, as she did in the case at bar, with explanatory testimony to negative the inference of negligence, but the inference remains nonetheless, and should be considered by the trier of the facts. Thus, under the circumstances here exhibited, it might well have been that, notwithstanding a consideration of the inference raised by the invocation of the doctrine of *res ipsa loquitur,* the trier of the facts might have concluded that defendant had exercised due care and thus incurred no liability. But the conceded failure to consider that inference, along with the other proved facts, was harmful and prejudicial error.

Accordingly the judgment is reversed; and a *venire de novo* awarded. Costs will abide the event.