18 N.J. Super. 1 (1952)
86 A.2d 590
AL VAN CORA AND JAMES OSVATH, PLAINTIFFS-APPELLANTS,
v.
TROWBRIDGE OUTDOOR ADVERTISING CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 11, 1952.
Decided February 19, 1952.
*2 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Stanley W. Greenfield argued the cause for appellants.
Mr. Herbert J. Kenarik argued the cause for respondent.
The opinion of the court was delivered PER CURIAM.
During the windstorm of hurricane velocity which traversed the City of Elizabeth on November 25, 1950, an outdoor advertising sign owned by the defendant and erected on the surface of a vacant lot was blown upon two automobiles owned by the plaintiffs respectively. The vehicles were on display on adjacent premises utilized for the exhibition of marketable second-hand motor vehicles.
The allegations of the cause of action were that the defendant "allowed the uprights and supports of said sign to become rotted, damaged and insecure," as a result of which *3 "said sign was caused to and did blow over and collapse on the automobiles" with injurious consequences. The plaintiff Van Cora made claim additionally for a concurrent injury to the electrical equipment installed upon his premises for illuminating purposes.
The judge of the Essex County District Court before whom the action was tried without a jury granted a judgment in favor of the defendant. The plaintiffs' appeal is transported to us on a statement of the evidence and findings of fact settled by the trial judge pursuant to Rule 1:2-23 embodied in Rule 4:2-6. Accordingly our review is confined to a consideration of the summary disclosure of the evidence as settled and approved. Bancroft Realty Co. v. Alencewicz, 7 N.J. Super. 105 (App. Div. 1950); Bayuk v. Feldman, 11 N.J. Super. 317 (App. Div. 1951), certification denied 6 N.J. 615 (1951); State v. Goldberg, 12 N.J. Super. 293 (App. Div. 1951).
It seems apparent that the subjects of primary consideration at the trial were the nature and style of the construction and erection of the sign, its conformity in those respects with standard practice, the frequency of its inspection, the state and condition of its supporting timbers on the date of the mishap and prior thereto, and the proximate cause of its collapse.
In the brief memorandum disclosing his factual findings, the trial judge did not divulge his determination, if any, concerning the alleged decayed condition of the supporting timbers on the date of the mishap and prior thereto. He concluded "that the sign in question was constructed in accordance with standard practice and reasonable inspections were made. That the cause of the sign collapsing was the hurricane of November, 1950, wherein wind velocities were reported in this area at 108 miles per hour."
There was no evidence from which it could have been reasonably inferred that the defendant had actual notice or knowledge of the alleged defective condition of the sign, if in fact it existed. From the finding supported by evidence that *4 reasonable inspections were made by the defendant, it may be implied that the trial judge resolved that the defendant was not guilty of neglect in not observing the unsound condition, if it existed, and that the defendant exercised the care and precaution commonly employed by a person of reasonable foresight, vigilance, and prudence.
The trial judge expressly concluded that the hurricane was the cause (we assume he meant the proximate cause) of the displacement of the sign and impliedly that the wind was of such uncommon, extraordinary, and tempestuous force that a reasonably precautious and prudent person would not have anticipated it in this territory. Cf. Sutphen v. Hedden, 67 N.J.L. 324 (E. & A. 1902).
Unfortunately the judge in his decision did not explicitly state that he deemed the tempest to have been the sole cause, if such was his conviction. It is the well established principle that where a defendant has been guilty of negligence which is an efficient and cooperating cause of the mishap, the defendant is not exonerated from liability by proof that an act of God was a concurring cause. New Brunswick Steamboat Co. v. Tiers, 24 N.J.L. 697 (E. & A. 1853); Clark v. Public Service Electric Co., 86 N.J.L. 144 (E. & A. 1914); Meyer Bros., etc., Co. v. National Malting Co., 124 N.J.L. 321 (Sup. Ct. 1940). Reducing the principle to the terseness of the familiar maxim, the epitomized expression is "he whose negligence joins with the act of God in producing injury is liable therefor." 38 Am. Jur. 719, sec. 65.
We believe, however, that the express finding of the trial judge that the sign had been properly constructed and reasonably inspected imports his conviction upon consideration of the evidence that the defendant had not been guilty of any failure or omission of duty which proximately and efficiently contributed to the occurrence of the injurious event.
With that conception of his factual conclusions, we are not justified by the record in invalidating the judgment.
Affirmed.