Submitted on briefs January 15, affirmed May 21, 1958

# GUTHRIE *v.* MULLER

325 P. 2d 883

*Bruce W. Williams,* of Williams & Skopil, Salem, filed a brief for appellant.

*Allan G. Carson,* of Carson, Carson & Gunnar, Salem, filed a brief for respondents and cross-appellants.

BRAND, J.

This is an action for damages on account of alleged negligence, brought by the plaintiff Frieda Guthrie against the defendants Kluth S. and John W. Muller. The plaintiff had judgment on the verdict of a jury for $10,000 general and $772 special damages. Defendants moved for judgment notwithstanding the verdict or in the alternative for a new trial. The motion for judgment n.o.v. was denied and the motion for a new trial was allowed. Plaintiff appeals from the order granting a new trial and defendants appeal from the denial of the motion for judgment n.o.v.

The defendants were the operators of a restaurant in the city of Salem. Plaintiff entered the restaurant as a patron and was seated at a dining table. The complaint alleges that the defendants negligently allowed a table to fall upon plaintiff, striking her on the left arm, shoulder and wrist, causing "severe bruises and contusions of the left wrist and left arm and left shoulder; * * * a ganglion of the left wrist and a bicipital tendinitis of the left shoulder." Defendants by their answer pleaded contributory negligence.

In her brief plaintiff sets forth the facts which defendants in their brief acknowledge to be "in the

main * * * substantially correct." Plaintiff's said statement is as follows:

> "While seated at a table in defendants' eating establishment, defendants Kluth S. Muller and an employee lifted a large folding table over the head of the plaintiff so as to move the same from one portion of the restaurant to another.
>
> "While so doing, one of the folding legs of the table fell and sharply struck the plaintiff on her left wrist, left shoulder and left arm, causing the injuries complained of."

■ Pursuant to the rule set forth in *Smith v. Pacific Truck Express,* 164 Or 318, 100 P2d 474, and in *Correia v. Bennett and Johnson et ux,* 199 Or 374, 261 P2d 851, the plaintiff as appellant has assumed the burden in her opening brief of attempting to show "that none of the grounds specified in the motion for a new trial is well taken." The first ground set forth in the defendants' motion for a new trial was that the court erred when upon its own motion it interrupted defendants' cross-examination of plaintiff's expert witness, Dr. Carl L. Holm, and asked counsel for defendants, "Do you claim these questions are material in the case, Mr. Carson?" No exception was taken by defendants' counsel to the court's question. In *Frangos v. Edmunds,* 179 Or 577, 173 P2d 596, we said that it was improper for the court to ask counsel, "Is it material?", and "In what way?", when the evidence in question was "obviously material." But we did not reverse the case upon that ground alone. In the pending case the injury was to the left arm, shoulder and wrist. The cross-examination concerned the question whether the coccyx is ever used for a spinal fusion. The court was entitled to inquire whether the questions were material. In our opinion the court's inquiry did not in the instant case constitute error. From

*Correia v. Bennett and Johnson,* supra, 199 Or 374 at 382, we quote:

> "The error justifying an order for a new trial is substantial error; it is such error which, if duly excepted to, would be sufficient cause for a reversal on appeal. Where such error occurs on a trial, whether excepted to or not, it may form the ground of a motion for a new trial, and such motion, based thereon, may properly be allowed. *  *  *"

It should be noted that the statement from *Archambeau v. Edmunson,* 87 Or 476 at 486, 171 P 186, was inadvertently misquoted in Correia's case.

■■ The next specification in defendants' motion for a new trial was the alleged error of the court in denying a motion for a mistrial. The record shows that the following transpired during the direct examination of the plaintiff by her own counsel:

> "Q  Were you examined by another doctor?
>
> "A  Yes.
>
> "Q  Who was that?
>
> "A  Doctor Wolfe.
>
> "Q  *And at whose request were you examined by Doctor Wolfe?*
>
> "A  *The insurance company.*"

The questioning continued, as follows:

> "Q  When was the last time you saw Dr. Holm?
>
> "MR. CARSON (to the court and opposing counsel): *'Pardon me—'* (and then, at the reporter's desk, to the reporter, *whispered*): *'What was her answer?'* (Thereupon, the reporter whispered to Carson the answer):
>
> " *'The insurance company.'*
>
> "THE COURT: *'Read the question and answer.'*
>
> "THE COURT REPORTER (reading aloud):
>
> " 'Question: *"And at whose request were you examined by Doctor Wolfe?"*
>
> " 'ANSWER: *'The insurance company.'* "

We have copied the foregoing exactly as it appears in the bill of exceptions and are bound by it as certified by the trial judge. However, we assume that the use of italics which do not appear in the reporter's transcript was not at the suggestion of the trial judge. The use of italics for the purpose of emphasizing the testimony in favor of one party has no place in a bill of exceptions.

■ Counsel for defendants moved for a mistrial on the ground that the record showed a deliberate attempt by plaintiff to inject the matter of insurance into the case. The merits of the motion for mistrial were further discussed by court and counsel in the absence of the jury. We quote:

"Mr. Carson: As a matter of fact, Your Honor, that was not true, I requested Dr. Wolfe to make this investigation; I submit this was a deliberate injection of the matter of insurance into this case, deliberately and purposely, by the plaintiff herself, and it is a pat example of a proper ground for a mistrial.

"The Court: It ordinarily would be, the only question is—it is not stated what insurance company, whether it is plaintiff's or defendants' insurance company.

    \*    \*    \*    \*    \*

"The Court: Let me ask Mrs. Guthrie a question. Who asked you to go to Doctor Wolfe, Mrs. Guthrie?

"A  Well, Bruce.

"The Court: Thank you.

"Mr. Williams: I don't intend to argue it. I think it is altogether a discretionary matter.

"The Court: I think in view of that, it is necessary to allow it. Here she says that you asked her, and on the stand she said the insurance company.

"(Further argument by respective counsel.)

> "The Court: I will take it under advisement. We will stand in recess."

After recess the court ruled as follows:

> "The Court: With reference to the defense motion for an order of mistrial this morning, I have examined the testimony, and I note that the plaintiff, in answer to the question as to at whose request she was examined by Doctor Wolfe, stated 'the insurance company'; she did not state whose insurance company, and in line with the decision in Coblentz vs. Jaloff, 115 Oregon 656, I am going to deny the defendants' motion for an order of mistrial. Now, Mr. Carson, if you would care to have me instruct the jury to disregard this testimony, I would be glad to do so at this time or later, or if you prefer that I do not, I will refrain from it."

An exception to the ruling was allowed and counsel for defendants indicated his preference that the matter be not mentioned to the jury "because it would just accent it." Having denied the motion for a mistrial, the court entered judgment on the verdict for the plaintiff but thereafter allowed defendants' motion for a new trial. In a memorandum opinion, the trial court said, in part:

> "The injection into the evidence of the subject of insurance is deemed to be the point on which defendants' motion for a new trial must stand or fall. On direct examination plaintiff was asked at whose request she went to a certain doctor and to this she answered that it was at the insurance company's request. However, the answer obviously sought was that it was at Mr. Carson's request because later plaintiff, in answer to a question by the court, stated that her attorney had informed her that it was at Mr. Carson's request. In any event it seems unnecessary to determine whether plaintiff's mention of insurance was deliberate or not and the court assumes that the remark was

involuntary, but considering that the extent of plaintiff's damage was a very close issue there is no way of knowing with reasonable certainty whether the mention of insurance did or did not affect the amount of the verdict."

The judgment was rendered on 21 November 1953 and the memorandum opinion was written on 13 January 1954. The court appears to have been confused as to the answer given by plaintiff to the question propounded by the court, perhaps because the transcript of testimony was not then before it. The answer given in response to the court's question was that "Bruce" asked her to go to Doctor Wolfe. We take knowledge that she referred to her own attorney, Mr. Bruce Williams. The result is that plaintiff at one time said the insurance company made the request, and then changed her testimony to show that her attorney made the request. We think there was evidence of an intentional injection of insurance into the case. Counsel for the plaintiff acknowledged that the ruling on the motion for mistrial was a discretionary matter. By the same token we must recognize that in its appraisal of the evidence and of the probable effect upon the amount of the verdict resulting from the injection of insurance into the record, and in passing upon the motion for a new trial, the trial court acted within its discretionary power.

A motion for new trial is addressed to the sound discretion of the trial court. Wide latitude is given, and when any tenable ground appears in the record in support of the court's action, the decision will be upheld on appeal. The decision will be reversed only when there has been manifest abuse of discretion. *Newbern v. Exley Produce Express,* 208 Or 622, 303 P2d 231; *Hitchman v. Bush,* 195 Or 640, 247 P2d 211; *Clark*

*v. Fazio*, 191 Or 522, 230 P2d 553; *Arthur v. Parish*, 150 Or 582, 47 P2d 682. The trial court did not in this case abuse its discretion.

In *Leishman v. Taylor*, 199 Or 546, 263 P2d 605, this court, in a somewhat similar case, held that the trial court abused its discretion in *failing* to grant a motion for mistrial. Here we only hold that the court did not abuse its discretion in *granting* a new trial, a much simpler problem. In *Leishman v. Taylor*, this court said:

> "* * * It is perhaps true that counsel did not intend any deliberate wrong-doing; that he was not prompted by an evil design, but that is not the sole test for determining whether a mistrial should be granted."

As we have said, the defendant moved for judgment n.o.v. and in the alternative for a new trial. Specification "IV" in support of the latter motion was the refusal of the court to allow defendants' motion for a nonsuit. This raises a question similar to that which is presented by defendants' motion for judgment n.o.v. from the denial of which defendant filed his cross-appeal. We have examined the record with care and are clearly of the opinion that there was substantial evidence of negligence, proximate cause and damage and that the case was one for the jury. The motion for nonsuit, for directed verdict and for judgment n.o.v. was properly denied. The numerous cases cited by defendants to the effect that a verdict cannot be based on mere speculation state good law but are not here applicable.

Defendants excepted to the action of the court in stating to the jury that plaintiff's claim was that she was struck by a table leg, when the amended com-

plaint said that she was struck by a table. The instruction could have misled no one. The leg was a part of the table, and the undisputed evidence was that it was the leg which hit the plaintiff.

The case at bar afforded a proper occasion for an instruction on res ipsa loquitur. *Gow v. Multnomah Hotel,* 191 Or 45, 224 P2d 552, and *Ritchie v. Thomas,* 190 Or 95, 224 P2d 543. The court gave an instruction upon this point and after stating the conditions under which an inference of negligence arises, it continued thus:

> "* * * under such circumstances proof of the happening of the event raises an inference of the defendants' negligence and casts upon them the burden of showing that ordinary care was used."

The rule of res ipsa loquitur when applicable raises an inference of negligence, but the general burden of proof does not shift. As we said in *Ritchie v. Thomas,* supra, when quoting with approval from Dean Prosser:

> "'* * * It shifts no "burden" to the defendant, except in the sense that unless he produces evidence he runs the risk that the jury may find against him. The jury may accept the inference, but it is not compulsory, and if they see fit to find for the defendant they are free to do so. In other words, the inference makes enough of a case to get to the jury and no more.' Res Ipsa Loquitur in California, 37 Cal.L.Rev. 183." *Ritchie v. Thomas,* 190 Or 95, 113, 224 P2d 543 at 550.

The instruction given in the pending case was subject to the criticism that it tended to indicate that the burden of proof shifted to the defendants. The error will not be repeated in another trial.

We have examined the other assignments of error and deem it unnecessary to discuss them. We hold that the trial court did not err in refusing to enter judgment n.o.v. for the defendants and did not err in granting a new trial. For the reasons indicated, the judgment is affirmed.