55 N.J. Super. 485 (1959)
151 A.2d 44
JOSEPHINE LEONE, ETC., ET AL., PLAINTIFFS-APPELLANTS,
v.
RUTT'S HUT, INC., ETC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1959.
Decided May 11, 1959.
*487 Before Judges PRICE, SULLIVAN and FOLEY.
Mr. Harry Chashin argued the cause for plaintiffs-appel-respondent (Messrs. Emory, Langan, Lamb & Blake, atlants (Messrs. Marcus & Levy, attorneys).
Mr. James B. Emory argued the cause for defendant-attorneys).
*488 The opinion of the court was delivered by FOLEY, J.A.D.
This is an appeal from a judgment entered in the Law Division on a jury verdict of "no cause of action."
Josephine Leone, as administratrix ad prosequendum, brought action under N.J.S. 2A:31-1 charging the wrongful death of Pietro Leone, and, as general administratrix, sought recovery for damage suffered by the decedent during his lifetime. N.J.S. 2A:15-3. Mary Colden's suit was based on a claim of personal injuries, and that of her husband Steven proceeded per quod.
The accident from which the cause arose occurred on defendant's restaurant premises in Clifton, N.J., at about 7:00 P.M., on October 15, 1954, the date on which the northeasterly section of the United States was visited by Hurricane Hazel. The decedent and the Coldens had driven to defendant's establishment to obtain food and drink. They had parked their automobile in the patrons' parking area in front of a large billboard sign which advertised the restaurant. The men in the party left Mrs. Colden in the car while they went inside and had some food. Upon their return, Colden entered the vehicle through the left door and, as Leone was about to get in on the right side, the billboard fell upon the roof of the car. It was claimed that as a result both Mrs. Colden and Leone suffered personal injuries and that those sustained by Leone eventuated in his death 13 months later.
The sign, of wood construction, weighed about 1,000 pounds and was 12' by 9'10" in size. It was affixed to two 6" x 8" posts set in concrete four or five feet below the ground surface. It was framed, and the back of it was braced and cross-braced.
The case was presented by appellants on two theories. First, it was charged that the sign was negligently maintained in the respect that the uprights had not been replaced despite the fact that they had become rotted. Controverting proof raised a factual issue requiring jury determination *489 and this phase of the case plays no part in the appeal. Secondly, it was contended that the doctrine of res ipsa loquitur was invoked by the proof. The respondent denied negligence and pleaded affirmatively that the occurrence was an act of God.
Initially the appellant urges that the court erred in submitting to the jury the issue raised by the latter defense. The argument runs that the evidence presented was lacking in sufficient probative value to establish an act of God relieving defendant of responsibility for the consequences of the fallen sign. It is conceded that no objection was made to the portion of the charge in which the defense in question was discussed. But it is urged that this failure to comply with R.R. 4:52-1 should be forgiven because the contention of the claimed deficiency of the proofs was brought to the attention of the court in appellants' motion for judgment made at the close of the case. Cf. Deevy v. Porter, 21 N.J. Super. 278, 282 (App. Div. 1952).
R.R. 4:52-1 explicitly states:
"* * * No party may urge as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of the objection. * * *"
The salutary purpose of this requirement is to bring error to the attention of the trial court at a time when it may be corrected with consequent avoidance of appeal and retrial. In our view, it should not be relaxed except for compelling and cogent reasons, for, as Judge Freund aptly said in Locks Laboratories, Inc. v. Bloomfield Molding Co., 35 N.J. Super. 422, 429 (App. Div. 1955), the "object of an appeal is to correct errors properly noted below  not to retry a case." However, the fact that the case must be retried, as shortly will appear, presents a special circumstance which induces us to consider the point.
In order to sustain the defense of act of God, it was incumbent upon the defendant to demonstrate a storm *490 of such unusual severity as to negative failure to use due care in anticipating it. De Cicco v. Marlou Holding Co., 137 N.J.L. 186, 189 (E. & A. 1948). In arguing that the proof of defendant fell short of conformity with the required standard, appellants lay great emphasis on the fact that the evidence proffered did not include a showing of the specific wind velocity prevailing at the time and place of the accident. Cf. De Cicco v. Marlou Holding Co., supra, and Van Cora v. Trowbridge Outdoor Adv. Corp., 18 N.J. Super. 1 (App. Div. 1952). Seemingly, appellants hold that such scientific information is a sine qua non to the defense. With this we cannot agree. While evidence of this kind may greatly strengthen the assertion that the risk engendered by the storm was not foreseeable to the reasonably prudent property owner, it is not indispensable.
Underlying the problems presented to a jury as it seeks to do justice in accordance with the law as defined by the court, are the imponderables of the common experience of mankind with which the jury is supposed to comport its verdict. This factor becomes of peculiar importance when the body undertakes the task of applying the mundane rules of law arising from and governing the every day of human disagreement to disputes flowing from the dramatic events of nature. While the velocity of the wind, or the measured volume of rain, scientifically exposed, can be of aid in determining the intensity of a storm and its potentiality for damage to life and limb, this is not to say that the awesome spectacle and destructive consequences of these phenomena as described by the tongue of the layman may not be accepted by a jury as a reliable basis upon which to posit a determination of whether or not a property owner fulfilled his legal duty.
There was in this case a plenitude of evidence depicting a day-long tempestuous storm becoming so intense in the general area in which defendant's premises were situate that, during the evening hours, trees and poles and power lines were blown down and debris of various kinds deposited *491 on the highways. Moreover, it appears that at the time the sign fell conditions of safety had so deteriorated as to require the re-routing of traffic in the vicinity of defendant's place of business. In these circumstances, we are of the opinion that the court properly submitted the defense of act of God to the jury and correctly charged the substantive law referable to it.
Next, appellant makes point of the fact that the court did not expressly charge that the defense was affirmative in nature and that defendant carried the burden of establishing it by the greater weight of the evidence. It has been said by our courts that "so long as the law is stated correctly and intelligently, the ultimate test of the soundness of instructions is, not what the ingenuity of counsel can, at leisure, work out the instructions to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole." Vadurro v. Yellow Cab Co. of Camden, 6 N.J. 102, 108 (1950); Kargman v. Carlo, 85 N.J.L. 632, 638 (E. & A. 1914). We think that the natural and probable effect of the charge, viewed in its entirety, was to create in the minds of the jury an understanding that defendant bore the burden of establishing the defense. In any event, no objection was made to the alleged omission, nor was the court requested to charge with greater specificity.
At this juncture we turn our attention to a trial error of such consequence as to require reversal. In connection with the doctrine of res ipsa loquitur, the court said:
"Res ipsa loquitur is a Latin phrase, which, freely translated, means the act speaks for itself, and that doctrine in the law provides that if an instrumentality is entirely within the control of the defendant or its servants or agents and that instrumentality is one which would not ordinarily cause damage if reasonable care were exercised, then the mere fact that an accident does occur and damage does ensue raises a presumption of a lack of care and the defendant is called upon for an explanation as to how it came about."
*492 Preliminarily it is to be observed that the instruction contains an erroneous statement of the law. In this State it has been held that in circumstances in which the doctrine operates, the happening does not create a "presumption" but affords a "permissible inference" of negligence. Marzotto v. Gay Garment Co., 11 N.J. Super. 368, 375 (App. Div. 1951). See also Wildauer v. Rudnevitz, 119 N.J.L. 471 (E. & A. 1937); Prosser, Torts (2d ed. 1955), § 43. Obviously this error redounded to the benefit of appellants and so, of course, it does not suffice as a ground of appeal. However, in accordance with R.R. 4:52-1 the appellants at the proper time submitted the following written request which the court, over objection, declined to charge:
"8. Even if the defendant comes forward and presents evidence as to the cause of the occurrence, the inference of negligence on its part which may be drawn from the doctrine of res ipsa loquitur remains in the case and should be considered by you together with all other evidence in the case."
This is precisely the law as stated in Galbraith v. Smith, 120 N.J.L. 515, 516 (Sup. Ct. 1938) wherein it was said:
"True, defendant is always entitled to go forward as she did in the case at bar, with explanatory evidence to negative the inference of negligence but the inference remains nonetheless, and should be considered by the trier of the facts." (Emphasis ours.)
Concededly, a party is not entitled to a jury charge in words of his own choosing when the charge as a whole clearly and correctly states the principles of law pertinent to the issues in the case. Batts v. Joseph Newman Inc., 3 N.J. 503, 511 (1950); State v. Juliano, 103 N.J.L. 663 (E. & A. 1927). But this rule is applicable only when the charge as given substantially covers the requested instructions. Cf. Batts v. Joseph Newman Inc., supra; Grammas v. Colasurdo, 48 N.J. Super. 543 (App. Div. 1958); and see 53 Am. Jur. Trial, § 527.
Careful scrutiny of the entire charge fails to reveal discussion of the effect of the explanatory proof on the "presumption." *493 This was the design of the eighth request. In failing to note that the inference remains in the case despite the explanation, the court deprived the appellants of the substantial right to have recovery rested solely upon the permissible inference of negligence arising from the happening, if, in final analysis, the jury concluded that such inference outweighed the tendered explanation in probative force and of itself constituted a preponderance of evidence in favor of appellants claims for relief. Cf. Marzotto v. Gay Garment Co., supra.
This disposition of the matter makes it unnecessary for us to consider the remaining points raised by appellants, but in passing we observe that none would afford ground for reversal.
Reversed.