Argued May 3, affirmed June 19, 1963

CENTENNIAL MILLS, INC. *v.* BENSON ET UX

383 P. 2d 103

*James H. Clarke,* Portland, argued the cause for appellant. With him on the briefs were Koerner, Young, McColloch & Dezendorf.

*Edwin J. Peterson,* Portland, argued the cause for respondents. With him on the brief were Tooze, Powers, Kerr, Tooze & Morrell and Earle P. Skow.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

LUSK, J.

Plaintiff was a lessee of a portion of a building in the city of Portland owned by the defendants, its

lessor. On January 3, 1961, a water pipe underneath the building burst and portions of the leased premises were flooded and rugs, drapes, and other personal property of the plaintiff were damaged. Plaintiff brought this action to recover its damages from the defendants. The jury returned a verdict for the defendants and plaintiff has appealed, assigning errors in the instructions of the court.

The complaint alleged that the "water pipe was out of repair or was in a defective condition", but that "[t]he exact nature of said defect in said pipe or the manner in which it was out of repair is unknown to plaintiff." But plaintiff made no attempt to prove the cause of the occurrence; its sole reliance was *res ipsa loquitur*.

There is no dispute about the facts. The eight-inch pipe passed from the street under a room in the leased premises used by the plaintiff as a laboratory. It served an automatic sprinkler system in other parts of the building. It was embedded some three or four feet beneath a concrete floor, which was six inches thick. The pipe could not be seen and could not be inspected without breaking through the concrete floor.

Defendants acquired ownership of the building in 1957 and no change was made in the pipe thereafter nor had there ever been any difficulty with it.

On the morning of January 3, 1961, an employee of plaintiff, on entering the building, discovered that the concrete floor of the laboratory had buckled and the floor of the laboratory and other portions of the leased premises were covered with water, sand, silt and other debris, damaging the rugs and other personal property of the plaintiff. The damage was caused by the breaking of the pipe. It was described as a "clean break."

■ The court submitted the case to the jury with an

instruction on *res ipsa loquitur* in language requested by the plaintiff.[1] Plaintiff, however, assigns as error the court's refusal to give the following instruction requested by it:

> "If you should find that the defendants have come forward with evidence in an attempt to rebut or explain away the inference of their negligence, then, I instruct you that it is your duty to weigh such evidence as the defendants have brought forward in connection with explaining the inference of negligence upon their part and to make an ultimate determination of where the evidence preponderates, in accordance with the instruction relating to burden of proof which I have already given to you."

The instruction is faulty because it is phrased so as to imply that the inference of negligence from the occurrence is compelled rather than merely permissive, *Ritchie v. Thomas et al,* 190 Or 95, 112, 224 P2d 543; *Guthrie v. Muller,* 213 Or 436, 445, 325 P2d 883. But apart from this criticism, the court was not required to give the instruction.

---

[1] The entire instruction, including the instruction on the burden of proof, is as follows:

"Where, as in this case, the thing or instrumentality causing an accident is under the exclusive management and control of the defendants, and the accident is such as in the ordinary course of things does not happen, if those who have such management and control use proper care, the fact of the accident affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of due care on the part of the defendants, and that calls for evidence on the part of the defendants to rebut the inference which the jury may so draw. However, upon the whole case, it still remains, the burden of proof still remains upon the plaintiff to prove to your satisfaction by a preponderance of the evidence that the defendants were guilty of negligence as alleged, and that such negligence was the proximate cause of injury and damage to plaintiff's property. In this connection, the burden of proof in that regard does not shift but remains with the plaintiff."

Plaintiff cites as authority for its request *Fink v. New York Central Railroad Company* (Ohio App) 56 NE2d 931, aff'd 144 Ohio St 1, 56 NE2d 456, and *Leone v. Rutt's Hut, Inc.*, 55 NJ Super 485, 151 A2d 44.

*Fink v. New York Central Railroad Company* did not involve any question of instructions. A railway mail clerk sued the railway company for personal injuries caused by the derailing of the train in which he was riding. The defendant offered evidence tending to show that the accident was caused by the overturning of an automobile on the track and the engineer was unable in the exercise of reasonable care to see the obstruction in time to stop the train and avoid hitting it. The trial judge in his charge withdrew the issue of *res ipsa loquitur* on the theory that, as he said: "[A]fter all the evidence was concluded [the case] lost the characteristic * * * of a *res ipsa loquitur* means * * *." 56 NE2d at 934. The court of appeals held this to be reversible error, saying:

> "Neither the inference resulting from the application of this rule or the inference of care to be drawn from the evidence showing an explanation are conclusive upon either party. The evidence developing the inferences present[s] a factual issue for the trier of the facts, but certainly the jury should be advised that it is permitted, yes, required to weigh the effect of such respective inferences. * * *" 56 NE2d at 935.

The Supreme Court affirmed the court of appeals. The question decided was, as the Supreme Court stated:

> "Did the trial court err in determining as a matter of law that the inference of negligence arising from the derailment of the train had been overcome by the explanation offered by the defendants?" 144 Ohio St at 10.

■ In *Leone v. Rutt's Hut, Inc.*, plaintiff sued defendant for wrongful death and other injuries caused by defendant's wooden sign falling on the automobile of plaintiffs' decedent. Defendant sought to show that the sign was caused to fall by an act of God, to wit: Hurricane Hazel. The Superior Court of New Jersey, Appellate Division, reversed a judgment for the defendant because the trial judge refused to give the following requested instruction:

> "Even if the defendant comes forward and presents evidence as to the cause of the occurrence, the inference of negligence on its part which may be drawn from the doctrine of res ipsa loquitur remains in the case and should be considered by you together with all other evidence in the case." 55 NJ Super at 492.

The court cited as authority *Galbraith v. Smith*, 120 NJL 515, 1 A2d 34, which presented no question of instructions but was a case tried by the judge without a jury. The trial judge in that case had rendered a judgment for the defendant on the theory that when the defendant's explanation of the cause of the accident came in the inference from its happening was dispelled. The Supreme Court reversed, saying that the inference remained and should be considered by the trier of the facts.

Of course this is the law, but the question here is whether the judge must so inform the jury in an instruction such as the defendants requested. Upon that precise question the only authority which the plaintiff has brought to our attention is a decision of an intermediate appellate court of New Jersey.

■ In the instant case it is to be noted that the defendants offered no explanation of the bursting of

the pipe to rebut the inference of negligence which the jury could draw from the occurrence. They simply testified that they knew nothing about it. To that extent *Leone v. Rutt's Hut, Inc.,* is distinguishable, because the instruction there held to have been erroneously refused was related to the defendant's explanation of the cause of the occurrence. Putting this to one side, we hold that it was not reversible error for the court to decline to give the instruction in the case at bar because we think it clear that the jury must have understood from the charge that they were to weigh the inference along with the other evidence in this case. Indeed, on the issue of negligence the inference and the defendants' duty to rebut it were substantially all that was submitted to the jury for their consideration. The court was not required to tell the jury in so many words to weigh the inference against the explanation.

■■ In *Ritchie v. Thomas et al,* supra, 190 Or at 112–113, we observed that the trial court is not required to instruct on the inference of negligence arising from the rule of *res ipsa loquitur* since that rule does no more than deal with a particular type of circumstantial evidence; but in *Powell v. Moore,* 228 Or 255, 269-270, 364 P2d 1094, we expressed the view that it is preferable to give such an instruction. We adhere to that ruling though it must be conceded that it constitutes an exception to the general rule governing instructions. ORS 17.255. Trial judges in this state do not, in other cases of circumstantial evidence, particularize in the manner required by the requested instruction. It is considered sufficient to inform the jury in general terms, as was done in this case, that they are the judges of the effect and value of the evidence and that their verdict must be the result of

careful and impartial investigation of all the evidence under the rules of law stated by the court.

We think that the court did not err in declining to give the requested instruction.

The only other assignment of error is directed to the giving of the following instruction:

"* * * You are instructed that the act of the landlord in providing his building with artificial means for supplying it with water is an ordinary and natural use, and in the absence of any negligence on the part of the landlord in maintaining the water appliance in his building, the landlord is not liable for damages sustained by its tenant by reason of a bursting pipe. Therefore, if you find from the evidence that the plaintiff has failed to prove that the defendants were negligent in the maintenance of the water pipe in question, the plaintiff is not entitled to a verdict at your hands, and your verdict must be for defendants."

As part of this assignment of error the plaintiff states that the court erred in failing to give the following instruction requested by it:

"In connection with the instructions on the doctrine of res ipsa loquitur, which I have just given you, I instruct you that the plaintiff need not show whether the want of due care alleged was in faulty construction, inspection, maintenance, operation or use of the water pipe or water system, for, under the doctrine of res ipsa loquitur, wherever the fault lay, if you should find such fault, it would necessarily be that of the defendants who had exclusive control and management of the water pipe which broke."

The exception taken to the instruction given was that it "in effect, overturns and revokes, withdraws from the jury the res ipsa inference of negligence

which is not only permissible but must be made under other instructions which were requested and part of which were partially given."

It is to be doubted whether this exception called to the judge's attention the precise point of objection which is now made. That point is the use of the word "maintenance" which, it is argued, excluded consideration of faulty construction, operation, or use of the water system. *Kaufman v. Fisher*, 230 Or 626, 635, 371 P2d 948, is cited for the proposition that the plaintiff is not required to point to any specific conduct as the basis for the inference.

■ The assignment might well be disposed of by holding that if the instruction given was erroneous in the particular stated the error was invited by the plaintiff which requested the court to instruct the jury as follows:

"The factual issues for you to determine are first, whether the defendants were negligent in connection with the *maintenance* of the water pipe located beneath the portion of the premises leased from them by plaintiff, and second, if so, whether their negligence in this regard was the proximate cause of the damage which was sustained by plaintiff." (Italics added.)

■ In its ordinary sense the word "maintain" means to "keep or hold", Webster's New International Dictionary (2d ed). See *DeWolf v. Marshall Field & Co.*, 201 Ill App 542, 547. We think that the phrase in the instruction complained of, "if you find that the plaintiff has failed to prove that the defendants were negligent in the maintenance of the water pipe in question", is not open to the criticism that it limited the jury in its consideration of defendants' conduct to a finding of fault in any one particular, but rather

that it referred to any negligence whatever of the defendants referable to the exclusive control of the instrumentality concerning which the court had previously given the instruction on *res ipsa loquitur*. This, we believe, is the way the jury would have understood the use of the word "maintenance" and is, apparently, the sense in which counsel for the plaintiff used it when they prepared the instruction above set out defining the issues.

■ We do not think that it is necessary or appropriate for the court in a case of this kind to suggest to the jury various particulars in which a defendant may have been at fault such as are referred to in plaintiff's requested instruction, the refusal to give which is included in the assignment of error now under consideration. While it may be true, as suggested in *Kaufman v. Fisher,* supra, that the jury in a *res ipsa* case is, in a sense, permitted to speculate as to the negligence of the defendant, it is not permissible under the system in vogue in this state for the court to aid them in this speculative process. The lawyers are perfectly free to do that themselves. In the present case there was no inhibition on the attorneys for the plaintiff against suggesting to the jury in argument any of the possible causes of the bursting of the pipe or any type of negligence on the part of the defendants, even including their failure to break through a six-inch concrete floor in order to inspect the pipe.

The defendants have contended in their brief and on the oral argument that the doctrine of *res ipsa loquitur* does not apply to this case at all and that they are entitled to a directed verdict. Inasmuch as we find it unnecessary to reach this question, we indicate no opinion about it.

The judgment is affirmed.