Argued July 12, affirmed September 10, 1971

# THORP, *Appellant, v.* CORWIN et al,
## *Respondents.*
### 488 P2d 413

24

*Gerald R. Pullen,* Portland, argued the cause for appellant. With him on the briefs was Charles Paulson, Portland.

*Edwin J. Peterson,* Portland, argued the cause for respondents Coffin and Holmes. With him on the brief were Tooze, Powers, Kerr, Tooze & Peterson, and Paul R. Duden, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE and HOWELL, Justices.

HOWELL, J.

Plaintiff filed this action for alleged medical malpractice against the defendants. All of the defend-

ants except Galen Coffin and David Holmes were eliminated by a judgment of involuntary nonsuit. The jury found in favor of Galen Coffin and David Holmes. Plaintiff appeals only from the judgment entered in favor of Galen Coffin.

The plaintiff presents only two assignments of error. The first relates to the refusal of the court to give a res ipsa loquitur instruction requested by plaintiff, and the second to an instruction given by the court that the mere fact that plaintiff sustained an injury does not in itself prove that defendant was negligent.

Plaintiff, who was nine months pregnant, entered Multnomah County Hospital on April 3, 1967. It was determined that she had a prolapsed cord, and an immediate Caesarean section was ordered. Plaintiff had a previous history of asthma and respiratory problems. After receiving a general anesthetic, plaintiff began to suffer bronchospasms and difficulty in breathing. Attempts to alleviate the problem were unsuccessful, and plaintiff suffered a cardiac arrest resulting in severe damage to her central nervous system.

Plaintiff alleged several specific charges of negligence against the defendant. Only the following two relating to the defendant, Dr. Galen Coffin, the anesthesiologist in the case, were submitted to the jury:

(1) In failing to keep plaintiff's airway clear and unobstructed and her respirations adequate.

(2) In failing to provide an adequate airway with adequate oxygenation of both lungs.

It is not necessary to decide whether the evidence supported an instruction on res ipsa loquitur, because the trial court did not err in refusing to give the instruction requested by plaintiff.

■ The law is now settled that in a res ipsa case a proper instruction on that doctrine should be given if requested. *Dacus v. Miller,* 257 Or 337, 479 P2d 229 (1970), citing *Waterway Terminals v. P. S. Lord,* 242 Or 1, 406 P2d 556, 13 ALR3d 1 (1965).

■ Plaintiff's complaint charged specific allegations of negligence only and did not contain a general allegation. When the complaint alleges both specific allegations of negligence and a general allegation of negligence, the plaintiff may, where applicable, invoke res ipsa loquitur as to either or both. *Waterway Terminals v. P. S. Lord,* 256 Or 361, 474 P2d 309 (1970).

■ However, where only specific acts of negligence are charged, res ipsa loquitur can be used only to establish the particular acts alleged. *Dacus v. Miller,* supra; *Brannon v. Wood,* 251 Or 349, 444 P2d 558 (1958).

■ The instruction requested by plaintiff reads as follows:

"You must decide the following questions concerning the injury involved in this case.

"Is it the kind of injury which ordinarily does not occur in the absence of negligence?

"Was the injury caused while the plaintiff was exclusively under the care or control of the defendants? The plaintiff is not required to identify the particular agency or instrumentality which caused the injury if he is unable to do so because of his physical condition at the time the operation was performed.

"Was the injury due to any voluntary action or contribution on the part of the plaintiff?

*"The mere fact that a particular injury does not ordinarily result from the operation and anesthesia*

*in question does not in and of itself prove that it was caused by negligence.*

"If, and only if you find that the plaintiff's injury was of a kind which ordinarily does not occur in the absence of negligence, was caused while the plaintiff was exclusively under the care or control of defendants, and was not due to any voluntary action or contribution by the plaintiff, you are instructed as follows:

"From the happening of the injury involved in this case, an inference may arise that a proximate cause of the occurrence was *some negligent conduct* on the part of the defendants. *Such an inference is a form of evidence, and unless there is contrary evidence sufficient to meet or balance it, the jury should find in accordance with the inference.*

"When there is any evidence to the contrary, you must weigh all of the evidence bearing upon the issue of defendant's negligence. If the evidence tending to prove that the injury was caused by a failure of the defendants to exercise the care required of them has greater weight than the evidence to the contrary, you will find in favor of the plaintiff on that issue.

"In order to meet or balance the inference of negligence, the defendants must present evidence to show either (1) A satisfactory explanation of the injury; that is, a definite cause for the injury in which there is no negligence on the part of the defendants, or (2) Such care on the defendants' part as leads to the conclusion that the injury did not happen because of want of care by them, but was due to some other cause, although the exact cause may be unknown. If such evidence has at least as much convincing force as the inference of negligence and other evidence, if any, supporting the inference, then you fill find against plaintiff on that issue." (Emphasis added)

■■ The requested instruction in the instant case is subject to the same criticism as the instruction in

the *Dacus* case because it is not restricted to the specific acts alleged. In *Dacus,* the requested instruction referred not to the specifics alleged but generally to "some negligent conduct," "some negligent act," and "some instrumentality within the control of defendant." The principal vice of the instruction in the case at bar is also the failure of the instruction to refer to the specific acts of negligence alleged.[1] The instruction refers to the broad general term "operation and anesthesia." Moreover, the instruction refers to an inference of negligence, not from the particular acts alleged but from "some negligent conduct on the part of the defendant."

■ The court did not err in refusing to give the requested instruction.

The plaintiff also assigns as error the giving of the following instruction:

> "Also, the mere fact here that an injury has been suffered by a patient during an operation or the fact that a patient suffers a cardiac arrest during an operation does not in itself prove that this was caused by the negligence or malpractice on the part of the defendants or any of them."

The plaintiff is in no position to complain about the instruction. Plaintiff requested the court to

---

[1] The instruction requested is subject to another criticism. The instruction states, "Such an inference is a form of evidence, and unless there is contrary evidence sufficient to meet or balance it, the jury should find in accordance with the inference." The requested instruction implies that the inference of negligence is compelled when, in fact, it is merely permissive. Centennial Mills Inc. v. Benson, 234 Or 512, 383 P2d 103 (1963). The language used also indicates that the inference of negligence shifts the burden of proof to the defendant. It does not. Guthrie v. Muller, 213 Or 436, 325 P2d 883 (1958); Prosser, Law of Torts 229, § 40 (4th ed 1971).

give the Uniform Jury Instruction of the Oregon State Bar which reads in part as follows:

"The law presumes that all persons * * * have been free from negligence. Accordingly, the mere fact that an accident occurred or that a party sustained injury or damage is no indication of negligence on the part of anyone."

The instruction given by the court contains substantially the same elements as plaintiff specifically requested.

Affirmed.

O'CONNELL, C. J., specially concurring.

For the reasons stated in my specially concurring opinion in *Dacus v. Miller*, 257 Or 337, 345, 479 P2d 229, 233 (1971), I do not agree with that part of the opinion in this case which relies upon *Dacus*. However, since the requested instruction was erroneous in other respects, I would affirm the judgment.