*[281]
 
 THORNTON, J.
 

 This appeal involves the application of a 1973 law providing for transporting a person who is found intoxicated or under the influence of drugs in a public place to his home or to a detoxification center rather than to a jail, except when no such center is available.
 

 Plaintiff appeals from an adverse judgment after a jury trial in a tort claims action arising out of the alleged wrongful death of plaintiffs son, who died while in police custody. Defendants on appeal are the City of Portland and four Portland police officers.
 

 Plaintiffs sole contention is that the trial court erred in instructing thé jury that it was for them to decide whether there was a statutory detoxification center available at the time plaintiffs decedent was found by defendants.
 

 The essential facts are:
 

 On February 10,1974, in the early morning hours, defendant police officers responded to a call that a man was down at the comer of S.E. 37th and Lincoln Streets. They found the decedent lying face down by the curb and determined that he was intoxicated and incapacitated. Although these defendants were aware that the Hooper Treatment Center, a detoxification facility, was near the scene, they decided that the decedent was too intoxicated to be accepted at the Center because they had previously been advised by Center personnel that the Center would not accept patients who were non-ambulatory. Accordingly, they took decedent to the Multnomah County Courthouse Jail where he was examined by a nurse and admitted. Defendant Fuller, one of the officers at the scene, did not inform the nurse that a witness at the scene had told him that she had seen decedent fall and hit his head or that Fuller had observed a bump on decedent’s head. Decedent died the next day at the jail of a cerebral hemmorhage.
 

 Plaintiff alleged that the officers were negligent in
 
 *[282]
 
 failing to take decedent to Hooper Center as required by ORS 426.460, which provides:
 

 "(1) Any person who is intoxicated or under the influence of narcotic or other dangerous drugs in a public place may be taken or sent to his home or to a treatment facility by the police. However, if the person is incapacitated, his health appears to be in immediate danger, or the police have reasonable cause to believe the person is dangerous to himself or to any other person, he shall be taken by the police to an appropriate treatment facility. A person shall be deemed incapacitated when in the opinion of the police officer or director of the treatment facility he is unable to make a rational decision as to acceptance of assistance.
 

 "(2) The director of the treatment facility shall determine whether a person shall be admitted as a patient, or referred to another treatment facility or denied referral or admission. If he is incapacitated or his health appears to be in immediate danger, or if the director has reasonable cause to believe the person is dangerous to himself or to any other person, he must be admitted.
 

 "(3) In the absence of any appropriate treatment facility, an intoxicated person or a person under the influence of narcotic and other dangerous drugs who would otherwise be taken by the police to a treatment facility may be taken to the city or county jail where he may be held until he is no longer intoxicated, under the influence of narcotic and other dangerous drugs or incapacitated.
 

 * * * * ”
 

 The pertinent parts of the questioned instruction are as follows:
 

 "THE COURT: *****
 

 "What happens if you find an intoxicated person on the street? What are the police officers’ options, and I think that’s what we’re going to talk about by way of the statute, so I will have to read to you a little bit more. I appreciate your comprehension rate goes down when I start reading, doesn’t it? A little bit. All right, let’s work it out together. Any person who is intoxicated or under the influence of a narcotic or other dangerous drug — no evidence of that — so any person who is intoxicated in a
 
 *[283]
 
 public place may be taken or sent to his home, so the police officers then could have sent him home. This is may. These are their options — or to a treatment facility by the police. So they could have taken him home or taken him to a treatment facility.
 

 "However, if the person is incapacitated then there is a, his health appears to be in immediate danger, or the police have reasonable cause to believe the person is dangerous to himself or to any other person, he shall be taken by the police to an appropriate treatment facility.
 

 "Now Fm going to stop right there and tell you in just a minute, he shall be taken. 'Shall’. Mandatory, shall be taken to an appropriate treatment facility. That is, if he is incapacitated or his health appears to be in immediate danger. Okay. Now, Fm going to tell you that down the line in this statute that bnly applies if you find that he is incapacitated within the definition, and that there is a treatment facility available to take him.
 

 * * * *
 

 "Three, in the absence of any appropriate treatment facility, an intoxicated person or person under the influence either, who would otherwise be taken by the police to a treatment facility, may be taken to the City or County jail where he may be held until he is no longer intoxicated. * * *”
 

 The court ruled that the Hooper Center was an "appropriate treatment facility” within the meaning of the statute, but plaintiff argues that the court should have also ruled as a matter of law that the Center was available.
 

 The instruction given contains substantially the same elements as plaintiffs second requested instruction which incorporates the language of ORS 426.460:
 

 "The law of the State of Oregon is that
 

 " 'Any person who is intoxicated or under the influence of narcotic or other dangerous drugs in a public place may be taken or sent to his home or to a treatment facility by the police. However, if the person is incapacitated, his health appears to be in immediate danger, or the police have reasonable cause to believe the person is dangerous to himself or to any other person, he shall be
 
 *[284]
 
 taken by the police to an appropriate treatment facility. A person shall be deemed incapacitated when in the opinion of the police officer or director of the treatment facility he is unable to make a rational decision as to acceptance of assistance.
 

 "
 
 'In the absence of any appropriate treatment facility,
 
 an intoxicated person who would otherwise be taken by the police to a treatment facility may be taken to the city or county jail where he may be held until he is no longer intoxicated or incapacitated.’
 

 "A treatment facility includes
 

 " 'outpatient facilities, inpatient facilities and such other facilities as the division determines suitable, any of which may provide diagnosis and evaluation, medical care, detoxification, social services or rehabilitation for alcoholics or drug-dependent persons and which operate in the form of a general hospital, a state hospital, a foster home, a hostel, a clinic or other suitable form approved by the division.’ ” (Emphasis supplied.)
 

 We conclude that the trial court did not err. First, the statute expressly provides that if a treatment facility is not available the intoxicated person may be taken to a city or county jail, and there was evidence in the record making out a jury question on this issue. Second, both the given instruction and the requested instruction placed the question of the availability of a treatment center before the jury. In such a situation the plaintiff cannot complain about the instruction given by the trial judge.
 
 Thorp v. Corwin,
 
 260 Or 23, 488 P2d 413 (1971).
 

 Affirmed.