STATE of Iowa, Appellee,

v.

**Daniel Glenn SHAFFER, Appellant.**

No. 89–1810.

Supreme Court of Iowa.

Oct. 17, 1990.

Kevin E. Schoeberl, Cresco, for appellant.

Thomas J. Miller, Atty. Gen., Mark Hunacek, Asst. Atty. Gen., and David Strand, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

The defendant appeals from the district court's denial of his application for a temporary restricted driver's license. *See* Iowa Code § 321J.4(8) (1989). The district court found that the defendant had failed to prove he needed his license to maintain his present employment as the statute requires. We agree and affirm.

Daniel Glenn Shaffer, the defendant, pleaded guilty to operating while intoxicated, second offense. *See* Iowa Code § 321J.2(1)(b), (2)(b). This was actually Shaffer's third violation of section 321J.2 or its similar precedent provisions. The district court revoked Shaffer's license for six years. *See* Iowa Code § 321J.4(3)(a).

Shaffer then filed a request for an order to the Iowa department of transportation to issue a temporary restricted license pursuant to Iowa Code section 321J.4(8). That section provides that

> [a] person whose motor vehicle license has been revoked under this chapter and who is not eligible for a temporary restricted license under this chapter may petition the court for an order to the department to require the department to issue a temporary restricted license to the person. *The court shall determine if the temporary restricted license is necessary for the person to maintain the person's present employment. If the court determines that the temporary restricted license is necessary for the person to maintain the person's present employment, the court shall order the department to issue to the person a temporary restricted license....*

(Emphasis added.)

In his application to the district court, Shaffer alleged that his guilty plea constituted a third violation of Iowa Code section 321J.2 or its similar precedent provisions; that section 321J.4(3) required the court to revoke his license for six years; that he was not otherwise eligible for a temporary restricted license under Iowa Code chapter 321J; and that he needed the license to maintain his present employment.

At the hearing on his application, Shaffer presented two witnesses: his employer and himself. Their testimony established the following facts. Shaffer is employed at his cousin's automotive body shop in Sly, Iowa. Sly is located about twelve miles from Shaffer's home in Cresco, Iowa. Shaffer's cousin, who is also his employer, provides Shaffer transportation to and from work each day except for those days that the cousin is out of town attending car auctions. When the cousin is out of town, Shaffer does not work and is not paid.

On cross-examination, Shaffer conceded that if he were not granted a temporary restricted license, he would not be fired:

> Q. Okay. And if you were not granted the work release—or work, correct, the work release, can your relative continue to transport you? A. When they can, otherwise I have a probability of maybe not—if they're busy or something, not making it to work.

> Q. Okay. And has your employer, if you are late, will he dock you in pay or will he discharge you from employment? A. I don't feel that he would discharge me from employment. Possibly less pay if less hours worked.

Following the hearing, the district court denied Shaffer's application for the temporary restricted license. The court did so for two reasons. First, the court concluded that under section 321J.4(3) a person in Shaffer's position may apply to the court for restoration of his eligibility for a motor vehicle license. The court believed this provision was a special provision that was in conflict with section 321J.4(8), a more general provision. As such, the court concluded section 321J.4(3) controlled. *See State v. Broten*, 295 N.W.2d 453, 455 (Iowa 1980) (when two provisions of a statute are

in conflict, a specific or special provision prevails over a general one). Second, the court found that even if Shaffer were eligible under section 321J.4(8), Shaffer had not sufficiently established that he needed his license to maintain his present employment.

■ Shaffer appealed from this ruling, contending that the district court was wrong on both grounds. We think the evidence supports the district court's finding that Shaffer failed to establish he needed his license to maintain his present employment. So we need not decide whether section 321J.4(3) or 321J.4(8) controls.

Our review is at law. Findings of fact in a law action are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). Evidence is substantial when a reasonable mind could accept it as adequate to reach the same finding. *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 913 (Iowa 1987).

The case actually turns on the meaning of the word "maintain" in section 321J.4(8). We think the term is unambiguous and should be interpreted in accordance with its commonly understood meaning. *See Casteel v. Iowa Dep't of Transp.*, 395 N.W.2d 896, 898 (Iowa 1986).

■ In its ordinary sense, the word "maintain" means to keep or hold. *Centennial Mills, Inc. v. Benson*, 234 Or. 512, 520, 383 P.2d 103, 107 (1963). So we think the language "necessary ... to maintain the person's present employment" in section 321J.4(8) simply means that the temporary restricted license is necessary to enable one to keep his or her employment.

The testimony is uncontroverted that Shaffer has a ride back and forth to work. In addition, Shaffer concedes he would not be discharged for missing work when the ride is not available. We think this is substantial evidence that Shaffer failed to establish he needs a temporary restricted license to maintain his present employment.

Finding no error, we affirm.

AFFIRMED.